(No. 39854.—

SCHROEDER IRON WORKS, Appellee, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(JOSEPH SCHROEDER, Appellant.)

*Opinion filed January 19, 1967.—Rehearing denied March 27, 1967.*

LITSINGER, GATENBEY & SPULLER, and THOMAS K. GIFFORD, both of Chicago, for appellant.

ANGERSTEIN & ANGERSTEIN, and ECKERT, CALDWELL, GLEASON & BERNER, both of Chicago, (THELMA BROOK SIMON, JAMES F. GORMAN, and WILLIAM I. CALDWELL, of counsel,) for appellee.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Joseph Schroeder, an employee of the Schroeder Iron Works, was awarded workmen's compensation by the Industrial Commision. On review the decision was reversed and the award set aside by the circuit court of McHenry County. The claimant appeals. The question is whether on the evidence the finding was justified that claimant's disability was caused by an accident arising out of his employment.

The claimant, 45 years of age, worked as a mechanic for his brother Peter, owner of the iron works. The shop contained welding machines, electric hammers, gas forge and other machinery. Claimant's duties were of a general nature, including both inside and outside work around the shop. On

the day of the occurrence he was operating an electrically-driven drill press, used for drilling holes in metal plates and angle irons. It was described as an old-fashioned, nonautomatic heavy-duty drill press, on which the drill was brought into position with the metal to be drilled by means of a handle or arm extending toward the operator on his right side. It was the practice of the workers to attach a 15-pound weight to the handle controlling the drill to exert pressure and drive the drill through the metal being worked upon. The weight used was a metal pulley wheel attached to the handle by means of a wire.

On the day in question claimant was drilling holes in a piece of angle iron when something happened to him about which he knew nothing. He testified that all he remembered was calling for help to a fellow employee, one George Baumbeck, who was welding at a bench about ten feet away. Peter Schroeder, the owner, testified that he came in and observed the claimant sitting on a barrel, with Baumbeck holding him up. The claimant did not respond to questions but just stared straight ahead with his arm hanging limp. Examination disclosed no blood on either the claimant or the machine, nor was there any bump or bruise about his body. The machine had been stopped, and the hole which was being drilled in the angle iron appeared slightly oblong instead of being round. The pulley wheel or weight was lying on the floor with a small piece broken off of it.

Claimant was taken to a hospital, and some eight days later he was examined by a specialist in neurology. He was unable to speak, and showed aphasia with paralysis of the right arm and moderate paralysis of the right leg. A diagnosis was made that he had sustained a contusion of the deep-seated part of the left hemisphere of the brain, which could cause an amnesia or impairment of memory. The doctor expressed the opinion that the condition was of traumatic origin but observed no bruising or discoloration of the head. Claimant has been unable to resume any work,

and the extent of his disability is not disputed. The sole issue was whether the injury arose out of his employment. Peter Schroeder, the owner, testified to the fact that the hole being drilled at the time of the occurrence was slightly out-of-round; and stated that this indicated the drill had jammed. He also testified however, that the hole could have gotten out-of-round if the operator had just stopped attending the machine. The employee Baumbeck, the only other person present at the time of the alleged accident, was not called as a witness. The evidence further showed that the claimant had sustained an injury during his army service when he fell some 13 feet from a "t" hanger, landing on his back and being knocked unconscious. And it also appeared that he had incurred serious injury in an automobile accident about a year before the occurrence in question. The doctor who testified on his behalf also stated that the present symptoms could be accounted for by a brain hemorrhage.

To reverse the judgment the claimant invokes the familiar rule that a court should not substitute its judgment for that of the Industrial Commission upon questions of fact. It is then argued that the occurrence of an injury arising out of the employment may be proved by circumstantial evidence. Relied upon for this purpose are the facts that the hole in the piece of iron was oblong instead of round, that the pulley-wheel weight which had been attached to the handle was on the floor with a piece broken off, and that the medical expert expressed an opinion that the claimant's condition was traumatic in origin, all of which is said to indicate that some mishap had occurred in the work.

That an employee is at his place of work when an injury or other disabling event occurs does not, standing alone, justify recovery. There must be a further showing that the disablement was due to a cause connected with the employment rather than one which is unrelated to it. (*Rysdon Products Co. v. Industrial Com.* 34 Ill.2d 326.) The fact

that an injury arose out of the employment need not be proved by direct evidence. It may be established as well by circumstantial evidence leading to a logical and reasonable inference that the injury originated in a risk of the employment. (*Siete* v. *Industrial Com.* 24 Ill.2d 368.) And where such an inference is reasonably drawn by the Industrial Commission it may not be discarded merely because the court might have drawn other inferences from the facts.

But the claimant has the burden of establishing that his injury was connected with his employment, and it is the duty of the court on review to determine whether such a finding has any basis in the evidence. If a finding that the claimant's condition arose out of his work is not supported by the evidence in the record the award must be set aside. (*Fisher Body Div., General Motors Corp.* v. *Industrial Com.* 20 Ill.2d 538.) Liability for workmen's compensation cannot rest on imagination, speculation or conjecture, but must be based solely upon the facts contained in the record. *Smith Corp.* v. *Industrial Com.* 33 Ill.2d 510.

In the case at bar nothing appears to show there was any visible trauma, nor has any suggestion been made as to just what kind of an accident might have occurred. The doctor's opinion that the deep-seated contusion appeared to be traumatic in origin does not tend to establish the occurrence of an accident at the time in question here. The only circumstances relied upon to support an inference of accidental injury are the presence of the pulley-wheel weight on the floor and the shape of the hole in the piece of steel. From such circumstances it could be inferred with equal plausibility that a sudden illness occurred causing the operator to divert his attention from the machine. We think that the commission's award could have been based upon nothing more than speculation and that the circuit court properly set it aside.

The judgment will be affirmed.

*Judgment affirmed.*