(No. 48369.—

WAYNE PEEL, Appellant, v. THE INDUSTRIAL COM-MISSION *et al.*—(Peabody Coal Co., Appellee.)

*Opinion filed April 5, 1977.*

Lindholm & Williamson, of Peoria (Harold G. Lindholm, of counsel), for appellant.

Keefe & De Pauli, of East St. Louis (Thomas Q. Keefe, of counsel), for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

In this workmen's compensation case the arbitrator found that the employee, Wayne Peel, had failed to sustain the burden of proving that the injury he sustained on December 19, 1973, arose out of and in the course of his employment. The Industrial Commission affirmed the decision of the arbitrator and the circuit court of Christian

County confirmed the decision of the Commission. The sole question before this court is whether the decision of the Industrial Commission is against the manifest weight of the evidence. We conclude that it is.

On December 19, 1973, Wayne Peel was employed by the Peabody Coal Co. and worked the midnight shift from 12 midnight to 8 a.m. After work he got into an automobile which was being driven by a co-worker. The automobile had been parked in a parking area on the employer's property. A two-lane road led from the parking area next to the mine across company property through a 20-foot-wide gate at the exit onto a public road. It had snowed during the night and there were 10 to 12 inches of snow on the ground. There was another exit from the company property, but that was completely blocked with snow. As Peel approached the exit gate, he noticed another car stuck in the snow ahead of him. This other car was about 5 feet inside the exit gate. It was on company property and completely blocked the exit, which had been reduced to one lane of traffic by the snow. Another car was behind the car in which Peel was riding. There was no way of getting on or off the company property until the car ahead was removed. Peel and others from the three vehicles all attempted to push the car, which was blocking the exit, out of the snow. As they did so, Peel's feet slipped and his nose hit the trunk of the stalled car, causing the injury for which he now seeks compensation.

Generally speaking, an injury received on the premises of an employer by an employee going to or from his actual employment by a customary or permitted way will be deemed to have arisen out of and in the course of the employment. (*Deal v. Industrial Com.*, 65 Ill. 2d 234.) This court in *Chmelik v. Vana*, 31 Ill. 2d 272, defined the dual aspect of the requirement of the statute (Ill. Rev. Stat. 1973, ch. 48, par. 138.2) that the injury arise "out of and in the course of the employment." The words "in the course of the employment" refer to the time, place and circumstances under which the accident occurred. (31 Ill.

2d 272, 278.) This court has recognized that an accidental injury which is sustained on an employer's parking lot within a reasonable time before or after work arises *in the course of* the employment. (*Aaron v. Industrial Com.,* 59 Ill. 2d 267.) It is not enough, however, that the accidental injury arise in the course of the employment. To be compensable, it must also arise out of the employment.

As this court held in *Chmelik,* the words "arising out of" refer to the origin or cause of the accident and presuppose some causal connection between the employment and the accidental injury. It must have its origin in some risk connected with or incidental to the employment. 31 Ill. 2d 272, 277.

Not all parking-lot accidental injuries that may have been sustained in the course of the employment are compensable. A personal deviation by an employee can break the causal link with the employment. (*Aaron v. Industrial Com.,* 59 Ill. 2d 267.) Also, if the accident resulted from some risk personal to the employee and not incidental to the employment, the injury is not compensable. *Fisher Body Division, General Motors Corp. v. Industrial Com.,* 40 Ill. 2d 514.

If the car which Peel was pushing had not been blocking the exit from the company's parking we would be reluctant to disturb the finding of the Industrial Commission that the accident did not arise out of and in the course of the employment. Under such circumstances the question then would be one of fact, the determination of which would have been within the peculiar province of the Industrial Commission. However, since the accidental injury was sustained while Peel was assisting in the removal of the vehicle which was blocking the only usable entrance to the company's property, it plainly was incidental to his employment. We therefore conclude that the finding of the Commission that the injury did not arise out of and in the course of the employment was against the manifest weight of the evidence.

The judgment of the circuit court of Christian County is reversed and the cause is remanded to the Industrial Commission with directions to enter an award in favor of Wayne Peel.

*Reversed and remanded, with directions.*