(No. 67183.—

CATERPILLAR TRACTOR COMPANY, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Thomas Price, Appellee).

*Opinion filed June 19, 1989.*

CALVO, J., took no part.

Robert F. Fahey, of Peoria, for appellant.

Stephens, Schlicksup & Associates, P.C., of Peoria (Gordon M. Fiddes, of counsel), for appellee.

JUSTICE CLARK delivered the opinion of the court:

Claimant, Thomas Price, was injured when he stepped off a curb onto the blacktop driveway in front of his place of employment. An arbitrator denied his claim for compensation, finding that he had failed to prove that the injury arose out of and in the course of his employment. The Industrial Commission reversed, and the circuit court confirmed the decision of the Industrial Commission finding the employer liable. The Industrial Commission division of the appellate court, with two judges dissenting, affirmed the circuit court. (170 Ill. App. 3d 148.) The appellate court declared, however, that the case involved a substantial question warranting consideration by this court, and Caterpillar Tractor Company filed a petition for leave to appeal pursuant to our Rule 315(a) (107 Ill. 2d R. 315(a)). We granted review and reverse the judgment of the appellate court.

The facts in this case are not in dispute. At the time of the incident, Thomas Price was employed by the Caterpillar Tractor Company (Caterpillar) as a carton packer. On July 7, 1979, after completing his shift, Price left the building through the door normally used by the employees, intending to go to his car, which was parked in the employee parking lot. Immediately in front of the building was a sidewalk with a curb running along its edge. Price walked along the sidewalk for about 30 feet and then stepped off the curb onto the blacktop drive-

way. There was a slight cement slope, apparently for drainage, between the curb and the blacktop driveway. As Price stepped off the curb, his right foot landed half on the cement incline and half on the blacktop driveway and he twisted his ankle. The driveway was part of the company premises and was used both by employees and by the general public to pick up employees. There is no evidence of holes, rocks or obstructions on the pavement.

Based on this evidence, the arbitrator found that Price had failed to prove that he sustained accidental injuries arising out of and in the course of his employment. The arbitrator determined that stepping from the curb and twisting an ankle was not resultant from a risk peculiar to the employment of the claimant and that he was not exposed to a risk of injury greater than that to which the general public was exposed.

The Industrial Commission reversed the arbitrator's decision, finding that because Price had to step off the curb to get to the parking lot, his injury arose out of and in the course of his employment. Caterpillar contends that this decision is against the manifest weight of the evidence and urges this court to set aside the decision of the Industrial Commission.

We begin our analysis by recognizing that in order for an injury to be compensable under the Workers' Compensation Act, the injury must "arise out of" and "in the course of" the employment. (Ill. Rev. Stat. 1987, ch. 48, par. 138.2.) The phrase "in the course of" refers to the time, place and circumstances under which the accident occurred. (*Orsini v. Industrial Comm'n* (1987), 117 Ill. 2d 38, 44.) This court has recognized that accidental injuries sustained on an employer's premises within a reasonable time before and after work are generally deemed to arise in the course of the employment (see *Jones v. Industrial Comm'n* (1980), 78 Ill. 2d 284, 286; *Peel v. Industrial*

*Comm'n* (1977), 66 Ill. 2d 257, 260) and Caterpillar does not dispute that point. However, the fact that the injury arose in the course of the employment is not sufficient to impose liability; to be compensable, the injury must also "arise out of" the employment. *Orsini v. Industrial Comm'n* (1987), 117 Ill. 2d 38, 45; *Greene v. Industrial Comm'n* (1981), 87 Ill. 2d 1, 5.

For an injury to "arise out of" the employment its origin must be in some risk connected with, or incidental to, the employment so as to create a causal connection between the employment and the accidental injury. (*Jewel Cos. v. Industrial Comm'n* (1974), 57 Ill. 2d 38, 40; *Chmelik v. Vana* (1964), 31 Ill. 2d 272, 277.) Typically, an injury arises out of one's employment if, at the time of the occurrence, the employee was performing acts he was instructed to perform by his employer, acts which he had a common law or statutory duty to perform, or acts which the employee might reasonably be expected to perform incident to his assigned duties. (*Howell Tractor & Equipment Co. v. Industrial Comm'n* (1980), 78 Ill. 2d 567, 573.) A risk is incidental to the employment where it belongs to or is connected with what an employee has to do in fulfilling his duties. *Orsini v. Industrial Comm'n* (1987), 117 Ill. 2d 38, 45; *Fisher Body Division, General Motors Corp. v. Industrial Comm'n* (1968), 40 Ill. 2d 514, 516; see, *e.g., Peel v. Industrial Comm'n* (1977), 66 Ill. 2d 257 (claimant injured while pushing vehicle which was blocking entrance to parking lot); *Union Starch, Division of Miles Laboratories, Inc. v. Industrial Comm'n* (1974), 56 Ill. 2d 272 (claimant injured during break on employer's roof).

If an employee is exposed to a risk common to the general public to a greater degree than other persons, the accidental injury is also said to arise out of his employment. (*Orsini v. Industrial Comm'n* (1987), 117 Ill. 2d 38, 45; see, *e.g., Chmelik v. Vana* (1964), 31 Ill. 2d

272, 278 (claimant injured during a mass exodus of vehicles at quitting time); *DeHoyos v. Industrial Comm'n* (1962), 26 Ill. 2d 110 (claimant fell on ice in employer's parking lot).) However, if the injury results from a hazard to which the employee would have been equally exposed apart from the employment, or a risk personal to the employee, it is not compensable. *Material Services Corp. v. Industrial Comm'n* (1973), 53 Ill. 2d 429, 433; see, *e.g., Orsini v. Industrial Comm'n* (1987), 117 Ill. 2d 38 (claimant's automobile lurched forward, injuring claimant); *Branch v. Industrial Comm'n* (1983), 95 Ill. 2d 268 (claimant injured while removing his coat after arriving at work); *Greene v. Industrial Comm'n* (1981), 87 Ill. 2d 1 (claimant assaulted on employer's premises by unidentified assailant); *Jones v. Industrial Comm'n* (1980), 78 Ill. 2d 284 (claimant closed car door on his hand); *Fisher Body Division, General Motors Corp. v. Industrial Comm'n* (1968), 40 Ill. 2d 514 (claimant's car battery exploded).

In the instant case, Price contends, and the appellate court found, that the injury occurred both as the result of a condition on the employer's premises and because he was exposed to a greater degree of risk than the general public. The court noted that since there was evidence of a slight slope between the curb and the driveway, and since there was no evidence that the claimant tripped or fainted, or that the fall was idiopathic in nature, the Commission could properly have inferred that the cause of claimant's injury was the existence of the slope. The court further held that since Price was required to step off the curb to reach his vehicle, and there is no such requirement of the general public, he was subjected to a risk not required of the general public. 170 Ill. App. 3d at 151-52.

We first consider whether the injury resulted from the condition of the employer's premises. We note that

the Industrial Commission made no specific findings of fact as to this issue. Consequently, we must examine the record to determine whether the inference that the injury was caused by the slope is supported by the evidence. *State House Inn v. Industrial Comm'n* (1965), 32 Ill. 2d 160, 164.

The evidence presented at the hearing established that the curb was seven to eight inches in height and that there was a slight cement slope, apparently for drainage, between the curb and the driveway. The claimant testified that at the time of the injury, the pavement was dry and there were no holes, obstructions or rocks on the pavement. He did not trip, slip or fall; he simply stepped off the curb and twisted his ankle. Based on these facts, and the fact that the injury was otherwise unexplained, the appellate court found that there was a reasonable basis for the Commission to infer that the condition of the premises was the cause of claimant's injury.

It is well settled that if undisputed facts upon any issue permit more than one reasonable inference, the determination of such issues presents a question of fact, and the conclusion of the Commission will not be disturbed on review unless it is contrary to the manifest weight of the evidence. (*Orsini v. Industrial Comm'n* (1987), 117 Ill. 2d 38, 44; *Sears, Roebuck & Co. v. Industrial Comm'n* (1979), 78 Ill. 2d 231, 233.) However, if the undisputed facts are susceptible of but a single inference, then the issue becomes one of law (*Deal v. Industrial Comm'n* (1976), 65 Ill. 2d 234, 237; *Union Starch, Division of Miles Laboratories, Inc. v. Industrial Comm'n* (1974), 56 Ill. 2d 272, 275) and the Commission's decision is in no way binding upon this court (*Bommarito v. Industrial Comm'n* (1980), 82 Ill. 2d 191, 194; *Williams v. Industrial Comm'n* (1967), 38 Ill. 2d 593, 595).

In our opinion, the only reasonable inference which can be drawn from the evidence in the record is that the condition of the premises was not a contributing cause of Price's injury. Liability for workers' compensation cannot rest on imagination, speculation or conjecture, but must be based solely upon the facts contained in the record. (*Schroeder Iron Works v. Industrial Comm'n* (1967), 36 Ill. 2d 519, 523.) As there is nothing in the record to indicate that the curb was either defective or hazardous, a conclusion that the injury was caused by the slope is not supported by the record, and is no more than mere speculation.

We next consider whether the claimant was subjected to a greater degree of risk than the general public because of his employment. Price contends that he was exposed to a risk not common to the general public because he was regularly required to traverse the curb to reach his vehicle, and there was no such requirement for the general public.

Caterpillar maintains that the claimant has not established a causal connection between his employment and the injury, and the fact that the injury was sustained on his customary route does not satisfy the "arising out of" requirement. It argues that employers in Illinois are not insurers of the safety of their employees at all times, and to permit recovery simply because the employee was injured on his customary route would render employers absolutely liable for any injuries occurring on the employers' premises, regardless of cause.

We recognize that in prior cases this court held that injuries sustained on the employer's premises by an employee going to or from his actual employment by a customary or permitted way, within a reasonable time before or after work, were incurred in the course of and arose out of the employment. (See, *e.g., Peel v. Industrial Comm'n* (1977), 66 Ill. 2d 257, 259; *Deal v. Indus-*

*trial Comm'n* (1976), 65 Ill. 2d 234, 238; *M&M Parking Co. v. Industrial Comm'n* (1973), 55 Ill. 2d 252, 257; *Hiram Walker & Sons, Inc. v. Industrial Comm'n* (1968), 41 Ill. 2d 429, 430; *Chmelik v. Vana* (1964), 31 Ill. 2d 272, 279; *DeHoyos v. Industrial Comm'n* (1962), 26 Ill. 2d 110, 114.) While the broad language of these cases might appear to imply that *any* accidental injury sustained on the employer's premises is compensable, that is not the law in this State. An examination of the cases indicates this court's continued adherence to the maxim that an injury is not compensable unless it is causally connected to the employment. Where liability has been imposed, the injury occurred either as a direct result of a hazardous condition on the employer's premises (see, *e.g., Hiram Walker & Sons, Inc. v. Industrial Comm'n* (1968), 41 Ill. 2d 429; *DeHoyos v. Industrial Comm'n* (1962), 26 Ill. 2d 110 (cases in which claimants fell in employers' ice-covered parking lots)) or arose from some risk connected with, or incidental to, the employment (*Orsini v. Industrial Comm'n* (1987), 117 Ill. 2d 38, 48; see, *e.g., Peel v. Industrial Comm'n* (1977), 66 Ill. 2d 257 (claimant injured while pushing a vehicle which was blocking entrance to parking lot); *Chmelik v. Vana* (1964), 31 Ill. 2d 272 (claimant injured during a mass and speedy exodus of employees from the parking lot)).

Applying the aforementioned principles, we do not find that claimant has established that he was exposed to a risk not common to the general public. The object of comparing between the exposure of the particular employee to a risk and the exposure of the general public to the risk is to isolate and identify the distinctive characteristics of the employment. (See 1 A. Larson, The Law of Workmen's Compensation §8.42 (1985).) Curbs, and the risks inherent in traversing them, confront all members of the public. The claimant is no more liable to

twisting his ankle than he would have been had he been engaged in any other business. While it is true that he regularly crossed this curb to reach his car, there is nothing in the record to distinguish this curb from any other curb. As noted previously, the mere fact that the duties take the employee to the place of the injury and that, but for the employment, he would not have been there, is not, of itself, sufficient to give rise to the right to compensation. (See *State House Inn v. Industrial Comm'n* (1965), 32 Ill. 2d 160, 163; *Schwartz v. Industrial Comm'n* (1942), 379 Ill. 139, 145.) The claimant has the burden of establishing, by a preponderance of the evidence, some causal relation between the employment and the injury. *Quality Wood Products Corp. v. Industrial Comm'n* (1983), 97 Ill. 2d 417, 423; *Horath v. Industrial Comm'n* (1983), 96 Ill. 2d 349, 356.

When the finding of the Commission that the claimant's condition arose out of his employment is not supported by the evidence in the record, it is the duty of this court to set the award aside. (*County of Cook v. Industrial Comm'n* (1977), 68 Ill. 2d 24, 30.) In our opinion, the Industrial Commission's finding that the claimant's injury arose out of his employment is contrary to the evidence.

We note that in a factually similar case cited by Caterpillar, *Bartley v. Industrial Comm'n* (1970), 45 Ill. 2d 374, this court reached the opposite result. In *Bartley*, the claimant was injured on the employer's premises as she stepped from a concrete walk 11 inches above ground level. The employer argued that the claimant had failed to establish that the accident arose out of the employment. Citing the height of the ledge and the fact that this route was the claimant's usual means of exit, this court held that it was not unreasonable for the Commission to conclude that the ledge presented a situation

involving more risk than that to which the general public is exposed, and confirmed the award.

As noted previously, this court is not prepared to adopt the position that whenever an injury is suffered on work premises during work hours it is compensable, regardless of whether the conditions or nature of the employment increased or contributed to the risk which led to the injury. (See *Rodriguez v. Industrial Comm'n* (1983), 95 Ill. 2d 166.) *Bartley* may be distinguished by the difference in the height of the ledge. However, to the extent it is irreconcilable with this decision, it is overruled.

For the foregoing reasons, the judgments of the appellate and circuit courts are reversed, and the award by the Industrial Commission is set aside.

*Judgments reversed;*
*award set aside.*

JUSTICE CALVO took no part in the consideration or decision of this case.