McKERNIN EXHIBITS, INC., Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Thomas Mokos, Appellee).

First District (Illinois Workers' Compensation Commission Division)
No. 1—04—2103WC

Opinion filed September 30, 2005.—Rehearing denied November 10, 2005.

Krol, Bongiorno, Given & Domin, of Chicago (John E. Golhooly, Jr., of counsel), for appellant.

Law Offices of Andrew S. Kryder (Andrew S. Kryder, of counsel), of Chicago, for appellee.

JUSTICE HOFFMAN delivered the opinion of the court:

McKernin Exhibits, Inc. (McKernin Exhibits), appeals from an order of the circuit court confirming a decision of the Industrial Commission (Commission)[1] awarding the claimant, Thomas Mokos, benefits in connection with his application for adjustment of claim under the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 1996)). For the reasons that follow, we affirm.

This case involves injuries sustained by the claimant as a result of a vehicular collision on April 17, 1996. The following relevant facts were established by the evidence presented at the arbitration hearing.

The claimant began working for McKernin Exhibits in 1990. At all times relevant to this case, he was employed as a carpenter. His duties, however, included making deliveries as well as carpentry work.

---

[1]Effective January 1, 2005, the name of the Industrial Commission was changed to the "Illinois Workers' Compensation Commission." However, because the Industrial Commission was named as such when the instant cause was originally filed, we will use this name for purposes of consistency.

On April 17, 1996, the claimant reported to work at approximately 6:45 a.m. at McKernin Exhibits' place of business in Harvey, Illinois. At 7:30 a.m., his supervisor, Daniel McKernin, told the claimant to deliver a cardboard graphic to Shellhorn Graphics in Chicago, Illinois. The claimant used a company pickup truck to make the delivery.

After delivering the graphic to Shellhorn Graphics, the claimant was returning to McKernin Exhibits via route I-57. At approximately 9:30 a.m., the pickup truck that the claimant was driving struck the rear of an 18-wheel semi-truck as the vehicles traveled southbound in the right-hand lane on route I-57 near 127th Street.

The claimant testified that he was traveling approximately 50 miles per hour at the time of the collision. He stated that the pickup truck he was driving had a wheel alignment problem and would shake at speeds of 55 to 65 miles per hour. The claimant also recalled looking at his speedometer prior to approaching 127th Street. However, Daniel McKernin testified that the pickup truck that the claimant was driving was his personal vehicle and that it did not shake at speeds of 55 to 65 miles per hour and was capable of being driven at speeds in excess of 65 miles per hour.

According to the claimant, the semi-truck entered route I-57 from the 127th Street ramp traveling at approximately 40 miles per hour and merged into his far-right lane of southbound traffic without using any turn signals. The claimant testified that he looked to his left but could not merge into that lane of traffic due to the presence of a car occupying the lane. The claimant stated that, when he looked forward, he saw the semi-truck in his lane of traffic and applied the brakes. According to the claimant, his vehicle struck the rear of the semi-truck and was dragged about 100 feet.

On cross-examination, the claimant testified that he did not remember the facts of the collision for approximately one week because of the medication he was given. The records of his treating physician, however, indicate that the claimant had no recollection of the event two months after the accident. In contrast, in a discovery deposition given by the claimant in a common law action, he testified that he could always remember the circumstances of the collision.

Jackie Ray Edwards, the driver of the semi-truck struck by the claimant, testified that he entered route I-57 from the 111th Street ramp and had been on the highway for several minutes prior to the collision. Edwards stated that he was traveling at approximately 45 miles per hour when his vehicle was struck in the rear by the claimant's pickup truck. According to Edwards, following the impact, the claimant's vehicle was dragged 250 to 300 feet.

Kenneth Baker, an accident reconstruction expert, testified on

behalf of McKernin Exhibits. Baker opined that the claimant's vehicle was traveling between 70 to 80 miles per hour at the time of impact.

After the collision, the claimant was taken to a hospital where he remained until April 28, 1996. He admitted on cross-examination that a urinalysis test taken at the hospital on the date of the accident revealed cocaine in his system. The claimant testified that he had used cocaine one to two weeks prior to the accident. Daniel McKernin testified that the claimant told him that he had used cocaine three weeks prior to the accident. The claimant also admitted that he had been found guilty of three felony counts of delivery of cannabis and was on three years' felony probation at the time of the arbitration hearing.

Dr. Shaku Teas, a forensic pathologist, testified on behalf of the claimant. Although acknowledging that the claimant tested positive for cocaine use, her review of the claimant's medical records revealed no physical signs consistent with cocaine intoxication. Based on her review of the claimant's medical records and toxicology test results, Dr. Teas opined that there was no evidence that the claimant was impaired or intoxicated at the time of the accident. She admitted, however, that she did not speak with the claimant concerning the accident, but only reviewed the records furnished to her by his attorney. She also acknowledged that it is not possible for cocaine to remain in a person's system for one to two weeks. According to Dr. Teas, evidence of cocaine use may be found for a maximum of six days.

Daniel McKernin testified that he observed the claimant for 20 to 30 minutes prior to directing him to make the delivery to Shellhorn Graphics on the morning of the accident. According to Daniel McKernin, he had no evidence that the claimant was using cocaine on the date of the accident. He testified that, if an employee appeared to be intoxicated or impaired, he would not permit the employee to interact with customers.

James McKernin, one of the owners of McKernin Exhibits, testified that he received a telephone call from the claimant's wife, Diana Mokos, on April 17, 1996, after the accident. According to James McKernin, she told him that the claimant had not come home the night before.

Following a hearing, the arbitrator rendered a decision in which she stated that she gave "little, if any, weight to the testimony of the *** [claimant] as his testimony was inconsistent[,] evasive and not supported by the evidence." Nevertheless, the arbitrator found that the claimant sustained accidental injuries arising out of and in the course of his employment with McKernin Exhibits and awarded him benefits for both temporary total disability and permanent partial disability. Additionally, the arbitrator ordered McKernin Exhibits to pay $145,039.44 for necessary medical expenses incurred by the claimant.

McKernin Exhibits sought a review of the arbitrator's decision before the Commission. In a decision signed by two commissioners, without dissent, the Commission affirmed and adopted the arbitrator's decision.

McKernin Exhibits filed a petition for judicial review of the Commission's decision in the circuit court of Cook County. The circuit court confirmed the Commission's decision, and this appeal followed.

■ In a workers' compensation case, the claimant has the burden of establishing, by a preponderance of the evidence, that his injury arose out of and in the course of his employment. *O'Dette v. Industrial Comm'n*, 79 Ill. 2d 249, 253, 403 N.E.2d 221 (1980). Both elements must be present at the time of the claimant's injury in order to justify compensation under the Act. *Illinois Bell Telephone Co. v. Industrial Comm'n*, 131 Ill. 2d 478, 483, 546 N.E.2d 603 (1989). In this case, there is no dispute surrounding the issue of whether the claimant's injuries were sustained in the course of his employment. He was injured in a vehicular accident while returning from a delivery for his employer. See *Caterpillar Tractor Co. v. Industrial Comm'n*, 129 Ill. 2d 52, 57, 541 N.E.2d 665 (1989). McKernin Exhibits argues, however, that the Commission's finding that the claimant's injuries arose out of his employment is both against the manifest weight of the evidence and contrary to law.

"Arising out of" the employment refers to the origin or cause of the claimant's injury. As the supreme court held in *Caterpillar Tractor Co.*:

> "For an injury to 'arise out of' the employment its origin must be in some risk connected with, or incidental to, the employment so as to create a causal connection between the employment and the accidental injury. [Citations.] Typically, an injury arises out of one's employment if, at the time of the occurrence, the employee was performing acts he was instructed to perform by his employer, acts which he had a common law or statutory duty to perform, or acts which the employee might reasonably be expected to perform incident to his assigned duties. [Citation.] A risk is incidental to the employment where it belongs to or is connected with what an employee has to do in fulfilling his duties. [Citations.]" *Caterpillar Tractor Co.*, 129 Ill. 2d at 58.

First, McKernin Exhibits asserts that the claimant's lack of credibility "requires a denial of his claim." It notes that the claimant was impeached on a number of significant facts surrounding the accident, including the location of the accident, speed of his vehicle, and movement of the semi-truck driven by Edwards.

■ Although the Commission adopted the arbitrator's acceptance

of a version of events inconsistent with the claimant's testimony and her conclusion that the claimant's testimony was "inconsistent[,] evasive and not supported by the records," it, nevertheless, concluded that his injuries arose out of his employment. The issue of causation is a question of fact to be resolved by the Commission. See *Brady v. Louis Ruffolo & Sons Construction Co.*, 143 Ill. 2d 542, 547-49, 578 N.E.2d 921 (1991). Based on the record, we are unable to conclude that the Commission's finding in this regard is against the manifest weight of the evidence.

However negligent the claimant might have been in the operation of the vehicle he was driving, that negligence did not remove him from the scope of his employment or the protections of the Act. *Stembridge Builders, Inc. v. Industrial Comm'n*, 263 Ill. App. 3d 878, 880, 636 N.E.2d 1088 (1994). In order to remove the claimant from the protection of the Act, his actions must have been committed intentionally, with knowledge that they were likely to result in serious injury, or with a wanton disregard of the probable consequences. *Stembridge Builders, Inc.*, 263 Ill. App. 3d at 881-82. There is no evidence in this case that the manner in which the claimant was driving was either intentional or rose to the level of wilful and wanton conduct.

McKernin Exhibits also argues that the claimant was under the influence of cocaine at the time of the accident and, as a consequence, he is not entitled to a recovery under the Act. The Commission determined, however, that the evidence presented did not establish that the claimant was intoxicated at the time of the accident or that his intoxication, if any, was the sole cause of the accident.

As the Commission correctly held, in order for compensation under the Act to be denied on the basis that the claimant was intoxicated, the level of intoxication must be such that it can be said, "as a matter of law, that the injury arose out of his drunken condition and not out of his employment." *District 141, International Ass'n of Machinists & Aerospace Workers v. Industrial Comm'n*, 79 Ill. 2d 544, 557, 404 N.E.2d 787 (1980). Intoxication which does not incapacitate a claimant from performing his work-related duties is not sufficient to defeat recovery of compensation under the Act although the intoxication may be a contributing cause of his injury. *District 141, International Ass'n of Machinists & Aerospace Workers*, 79 Ill. 2d at 558.

Daniel McKernin testified that he noted no signs of intoxication or anything out of the ordinary when he ordered the claimant to make the delivery from which he was returning at the time of the accident. Additionally, Dr. Teas, although admitting that the claimant tested positive to cocaine use, found no signs of cocaine intoxication in her review of the claimant's medical records. McKernin Exhibits attacks

the basis of Dr. Teas' conclusion in this regard, asserting that it is "inconsistent with the records and based upon insufficient and inaccurate evidence." It contends that Dr. Teas' opinion is "nothing more than speculation and conjecture."

The Commission was aware that Dr. Teas only reviewed the claimant's medical records and did not interview either the claimant, Edwards, or Baker and that her opinion was based, in part, upon inaccurate information as to the last time that the claimant admitted cocaine use. Nevertheless, the Commission relied upon Dr. Teas' opinion in arriving at its conclusion that there was no evidence presented at the arbitration hearing that the claimant was unable to perform his job duties due to cocaine intoxication. It was the function of the Commission to judge the credibility of the witnesses, including that of Dr. Teas, and determine the weight to be given to their testimony. *O'Dette*, 79 Ill. 2d at 253. We cannot say that its reliance upon the opinion of Dr. Teas is against the manifest weight of the evidence.

In sum, although there was evidence that the claimant tested positive for cocaine in his system and operated the vehicle he was driving in a negligent manner, we cannot say, as a matter of law, that the Commission erred in determining that the claimant's injuries arose out of his employment, or that its determination in this regard is against the manifest weight of the evidence.

For the foregoing reasons, we affirm the order of the circuit court which confirmed the Commission's decision awarding the claimant benefits under the Act.

Affirmed.

McCULLOUGH, P.J., and CALLUM, HOLDRIDGE, and GOLDENHERSH, JJ., concur.