**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 190467WC-U

Order filed

FILED
November 12, 2020
Carla Bender
4th District Appellate
Court, IL

IN THE

APPELLATE COURT OF ILLINOIS

FOURTH DISTRICT

WORKERS' COMPENSATION COMMISSION DIVISION

| | | |
|---|---|---|
| FLEX-N-GATE LOGISTICS, | ) | Appeal from the Fifth Judicial Circuit, |
| | ) | Vermillion County, Illinois |
| Appellant, | ) | |
| | ) | |
| v. | ) | Appeal No. 4-19-0467WC |
| | ) | Circuit No. 2018-MR-395 |
| | ) | |
| THE ILLINOIS WORKERS' | ) | Honorable |
| COMPENSATION COMMISSION *et al.* | ) | Derek Girton, |
| (James Frye, Appellees.) | ) | Judge, Presiding. |

PRESIDING JUSTICE HOLDRIDGE delivered the judgment of the court.
Justices Hoffman, Hudson, Cavanagh, and Barberis

**ORDER**

¶ 1    *Held*: The Commission's finding that the claimant sustained an accident arising out of his employment was not against the manifest weight of the evidence.

¶ 2    The claimant, James Frye, filed a claim for benefits under the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 2016)) against the respondent, Flex-N-Gate Logistics (employer), for injuries that he allegedly sustained while ascending stairs at his employer's premises. After conducting a hearing, the arbitrator found that the claimant had sustained an accident arising out of and in the course of his employment. In reaching this conclusion, the arbitrator applied a neutral risk

analysis and found that the claimant had proven that the risk that the claimant encountered by traversing stairs was both quantitatively and qualitatively increased by virtue of his employment. The arbitrator also found that the current conditions of ill-being in the claimant's cervical spine, upper right arm, and left knee were causally related to his work accident. The arbitrator awarded the claimant temporary total disability (TTD) benefits, medical expenses, and prospective medical care.

¶ 3        The employer appealed the arbitrator's decision to the Commission, which modified the arbitrator's decision and affirmed the decision as modified. The Commission rejected the neutral risk analysis applied by the arbitrator. It found that the claimant was a traveling employee at the time of his injury and that his claim was compensable pursuant to the traveling employee doctrine. The Commission also corrected a clerical error in the arbitrator's calculation of TTD benefits and affirmed and adopted the arbitrator's decision in all other respects.

¶ 4        The employer sought judicial review of the Commission's decision in the circuit court of Vermillion County, which confirmed the Commission's decision.

¶ 5        This appeal followed.

¶ 6                                          FACTS

¶ 7        The following factual recitation is taken from the evidence presented at the arbitration hearing conducted on April 11, 2017.

¶ 8        The claimant worked for the employer as a truck driver. The employer owns and operates four facilities in Indiana and Illinois. The claimant's job duties consisted primarily of moving trailers between those facilities. The employer's Danville location was the central hub of the claimant's daily activities.

¶ 9        On December 5, 2016, the claimant reported to work at the employer's facility in Covington, Indiana when his shift began at 11:00 p.m. He went to the dispatch office where he received his orders

and walked down the steps at the loading dock to get his truck. He then drove a trailer to the employer's Danville facility. When he arrived in Danville, the claimant unhooked the trailer at the dock and walked up stairs to the shipping and receiving desk where he obtained new orders and new paperwork for another trailer to be transported from the Danville facility to the employer's facility in Champaign, Illinois. He then went down the steps at the loading dock to get his truck and began driving to Urbana.

¶ 10   Upon arriving at the Urbana facility, the claimant parked the trailer, unhooked it from his truck, and hooked up to another trailer. He walked up the stairs to the shipping and receiving office, turned in his paperwork, and received new paperwork and orders to transport another trailer back to the Danville facility. He then left Urbana and drove the trailer back to the employer's Danville facility.

¶ 11   When he arrived at the Danville facility on December 6, 2016, the claimant parked his truck and began climbing the stairs to the shipping and receiving desk. The claimant testified that he fell while ascending those stairs. He stated that he did not know what caused him to fall but he may have missed a step. At the time he fell, the claimant was carrying paperwork relating to the load he had transported back from Indiana.

¶ 12   The stairway at the Danville facility where the claimant fell is concrete with metal handrails. It consists of seven steps. The parties stipulated that the stairs had no defects.

¶ 13   The claimant testified that, had he not fallen that day, he would have continued back to the employer's Urbana facility and walked up and down the stairs at the loading dock, which consisted of six steps and were similar to the stairs at the Danville facility. He then would have transported another trailer back to the Danville facility and again climbed the stairs there. Thereafter, the claimant would have transported another trailer to the employer's facility in Covington, Indiana, and then continued to the employer's facility in Veedersburg, Indiana. There, he would have used either a ramp

or stairs consisting of five steps, depending on which dock his employer told him to use.

¶ 14     The claimant stated that his schedule on December 5-6, 2016, was typical of an average work day. He testified that his job required him to go up and down stairs located at various loading docks 8 to 10 times per day.

¶ 15     During the arbitration proceeding, the parties stipulated that the employer did not dispute causal connection with respect to the claimant's claimed injuries to his cervical spine and upper right arm. However, the employer disputed that the claimant had sustained a compensable accident.

¶ 16     The arbitrator found that the claimant had sustained an accident that arose out of and in the course of his employment. The arbitrator stated that falling while traversing stairs is a neutral risk and that injuries resulting therefrom generally do not arise out of employment. However, applying a neutral risk analysis, the arbitrator noted that "an exception to noncompensability under the Act exists where the requirements of a [claimant's] employment create a risk to which the general public is not exposed." The arbitrator noted that "[t]he increased risk may be qualitative, such as being in a hurry to complete work, or quantitative, such as where a petitioner is exposed to a common risk more frequently than the general public." The arbitrator observed that, in this case, the claimant was required to traverse stairs an average of eight (8) to ten (10) times per day, at various locations. The arbitrator found that this "constitute[d] an increased risk on a quantitative basis from that which the general public is exposed." Accordingly, the arbitrator found that, under a neutral risk analysis, the claimant's injuries arose out of and in the course of his employment for the employer.

¶ 17     The arbitrator noted that the parties had stipulated that there was a causal connection between the claimant's December 6, 2016, work accident and the injuries to his cervical spine and upper right arm. In addition, the arbitrator found that the claimant's medical records "also clearly establish[ed] that [the claimant] injured his left knee during the accident." Accordingly, the arbitrator

awarded the claimant TTD benefits, medical expenses, and prospective medical care related to all three injuries.

¶ 18       The employer appealed the arbitrator's decision to the Commission, which modified the arbitrator's decision and affirmed the decision as modified.  Specifically, the Commission found that the claimant was a traveling employee, and that as such his claim was "compensable pursuant to the traveling employee doctrine and not the neutral risk analysis *** performed by the Arbitrator."  The Commission noted that a "traveling employee" is "any employee for whom travel is an essential element of his employment." Citing *Venture-Newberg-Perini v. Illinois Workers' Compensation Commission*, 2013 IL 115728, the Commission stated that "[c]ourts generally regard employees whose duties require them to travel away from their employer's premises (traveling employees) differently from other employees when considering whether an injury arose out of and in the course of employment."  The Commission further stated that an injury sustained by a traveling employee arises out of his employment if he was injured while engaging in conduct that was reasonable and foreseeable, *i.e.* conduct that might normally be anticipated or foreseen by the employer.  The Commission also referred to the general rule that an injury is deemed to arise out of the claimant's employment if the injury occurs while the claimant is performing "acts which the employee might be reasonably expected to perform incident to his assigned duties."

¶ 19       Applying these principles to the present case, the Commission concluded that the claimant "was most assuredly engaged in an activity at the time of the accident that his employer could reasonably have expected him to perform incident to his assigned duties–namely, walking up steps to the receiving office at [the employer's] Danville facility after dropping off a trailer, one of many trips he would regularly make between [the employer's] multiple locations during the course of any given shift."  The Commission found that there was "no question that this activity was both reasonable and

foreseeable."

¶ 20 The Commission rejected the employer's contention that the claimant's injuries were not compensable under the traveling employee because the claimant was injured on the employer's premises. The Commission determined that the claimant "did not somehow lose his status as a traveling employee merely because the incident happened to have occurred on stairs located in one of [the employer's] facilities." The Commission noted that a traveling employee is deemed to be in the course of his employment "from the time he leaves home until he returns." The Commission concluded that the claimant "was still a traveling employee, and still very much in the course of his employment when the incident took place, especially since [his] job required nothing but traveling between the various sites owned and operated by [the employer]."

¶ 21 Accordingly, the Commission found that the claimant was a traveling employee, and that as a result he sustained accidental injuries arising out of and in the course of his employment on December 6, 2016. After correcting a clerical error made by the arbitrator as to the proper duration of TTD benefits, the Commission affirmed and adopted the arbitrator's decision in all other respects.

¶ 22 The employer sought judicial review of the Commission's decision in the circuit court of Vermillion County, which confirmed the Commission's decision.

¶ 23 This appeal followed.

¶ 24 ANALYSIS

¶ 25 As an initial matter, we note that, in its brief on appeal, the employer improperly cites to several Commission decisions to support its argument and relies extensively on those decisions. Decisions of the Commission in unrelated cases are not precedential authority in cases before this court. *Centeno v. Illinois Workers' Compensation Comm'n*, 2020 IL App (2d) 180815WC, ¶ 50; *Noonan v. Illinois Workers' Compensation Comm'n,* 2016 IL App (1st) 152300WC, ¶ 28; *S & H Floor Coverings,*

*Inc. v. Illinois Workers' Compensation Comm'n,* 373 Ill. App. 3d 259, 266 (2007). Accordingly, we will not consider them. We strike such references in the employer's brief and the material relying upon them.

¶ 26    Turning to the merits, it is well established that "[t]o obtain compensation under the Act, a claimant bears the burden of showing, by a preponderance of the evidence, that he has suffered a disabling injury which arose out of and in the course of his employment." *Sisbro, Inc. v. Industrial Comm'n*, 207 Ill. 2d 193, 203 (2003). An injury "arises out of" employment when "the injury had its origin in some risk connected with, or incidental to, the employment so as to create a causal connection between the employment and the accidental injury." *Id.* A risk is incidental to the employment when it belongs to or is connected with what the employee has to do in order in fulfilling his job duties. *McAllister v. Illinois Workers' Compensation Comm'n*, 2020 IL 124848, ¶ 36.

¶ 27    Whether an injury arose out of and in the course of one's employment is generally a question of fact and the Commission's determination on this issue will not be disturbed unless it is against the manifest weight of the evidence. *Brais v. Illinois Workers' Compensation Comm'n*, 2014 IL App (3d) 120820WC, ¶ 19, 10 N.E.3d 403. "In resolving questions of fact, it is within the province of the Commission to assess the credibility of witnesses, resolve conflicts in the evidence, assign weight to be accorded the evidence, and draw reasonable inferences from the evidence." *Id.* "For a finding of fact to be against the manifest weight of the evidence, an opposite conclusion must be clearly apparent from the record on appeal." *City of Springfield v. Illinois Workers' Compensation Comm'n,* 388 Ill. App. 3d 297, 315 (2009); see also *Swartz v. Industrial Comm'n*, 359 Ill. App. 3d 1083, 1086 (2005). The test is whether the evidence is sufficient to support the Commission's finding, not whether this court or any other tribunal might reach an opposite conclusion. *Pietrzak v. Industrial Comm'n*, 329 Ill. App. 3d 828, 833 (2002).

¶ 28　　In this appeal, the employer argues that: (1) the clamant failed to establish an injury arising out of his employment under a neutral risk analysis; and (2) the Commission erred by concluding that the claimant was a "traveling employee" at the time he was injured and by applying the traveling employee doctrine in deciding the case.  We do not need to address either of these arguments because the appeal can be decided on other grounds supported by the record.[1]  Even if the claimant were not deemed to be a traveling employee at the time of his accident, and even if he failed to establish a claim under neutral risk principles, he would be entitled to benefits.

¶ 29　　As noted, an injury arises out the employment where the injury had its origin in a risk "incidental to" the employment.  *Sisbro*, 207 Ill. 2d at 203.  A risk is incidental to the employment when it belongs to or is connected with what the employee has to do in order in fulfilling his job duties. *McAllister*, 2020 IL 124848, ¶ 36.  Accordingly, an injury arises out an employment-related risk (*i.e.*, a risk "distinctly associated with" and "incidental to" his employment) if, at the time of the occurrence, the employee was performing acts he was instructed to perform by his employer, acts which he had a common law or statutory duty to perform, or acts which the employee might "reasonably be expected to perform incident to his assigned duties." *McAllister*, 2020 IL 124848, ¶ 36; see also *Caterpillar Tractor Co. v. Industrial Comm'n*, 129 Ill. 2d 52, 58 (1989).

¶ 30　　In this case, the claimant's injuries arose out of his employment because he was injured while performing an act that he would reasonably be expected to perform incident to his assigned job duties.  The shipping and receiving desk at the employer's Danville facility was where the claimant dropped off the paperwork from his prior trip and received orders and paperwork for his next trip.  The

---

[1] "We may affirm the Commission's decision on any basis supported by the record regardless of the Commission's findings or its reasoning." *Dukich v. Illinois Workers' Compensation Comm'n*, 2017 IL App (2d) 160351WC, ¶ 43 n.6; see also *General Motors Corp. v. Industrial Comm'n*, 179 Ill. App. 3d 683, 695 (1989). In other words, we review the result reached by the Commission, not the Commission's reasoning.

claimant was required to ascend stairs at the Danville facility to reach the shipping and receiving desk. Traversing those stairs belonged to or was connected with what the claimant had to do in fulfilling his job duties. Thus, walking up the stairs at the Danville facility was an act that the claimant might "reasonably be expected to perform incident to his assigned duties." Because he was injured while walking up those stairs, the claimant's injuries are compensable.[2]

¶ 31                              CONCLUSION

¶ 32      For the foregoing reasons, we affirm the judgment of the circuit court of Vermillion County, which confirmed the Commission's decision.

¶ 33      Affirmed.

---

[2] It is undisputed that the claimant was in the course of his employment when his injury occurred. Moreover, the employer stipulated that the injuries to the claimant's cervical spine and upper right arm were causally connected to the work accident. Based on the medical records, the Commission also found that the claimant's left knee condition was causally related to his work accident. The employer has not appealed that finding or raised any issues related to causation in this appeal.