(No. 40036.—

MYCHAJLO SOSNIAK, Appellant, *vs.* THE INDUSTRIAL COMMISSION et al.—(Selina Schwartz, Admr., d/b/a Allied Finishing Specialties Co., *et al.*, Appellees.)

*Opinion filed March 29, 1967.*

KENNETH S. LEWIS and OREST POPEL, both of Chicago, for appellant.

KOHLER & MERRICK, of Chicago, for appellees.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

On the petition of Mychajlo Sosniak, an employee of Allied Finishing Specialties Co., he was awarded workmen's compensation for temporary total incapacity for work, and for a partial loss of use of the lower extremities. His employer also provided him with extensive medical care, including three periods of hospitalization and surgery. Contending that an alleged permanent mental disorder arising out of the same injury entitles him under the law to the equivalent of a death benefit and a pension for life, he sought and received review by the circuit court of Cook County. The award was confirmed in that court however, and petitioner appeals further directly to this court. The sole question is whether the Industrial Commission was required to find, in addition to the principal disability, a permanent disabling mental disorder caused by the accident.

Petitioner was a 39-year-old Ukranian laborer, having immigrated to this country in 1959. He first obtained employment as operator of an electrical crane, a trade he had pursued in Europe. After doing this work for some three and one-half years he took a job as a laborer with the respondent, demolishing old structures, digging holes and doing other kinds of common labor. The accident occurred November 15, 1962, after he had been working for the company about two months. At 3:00 o'clock in the afternoon of that day he was engaged in digging a hole and breaking up big pieces of concrete. As he and another worker were lifting a large concrete slab he felt a pain in his lower back and in his legs. He was driven to his home by his employer, who took him the next day to a clinic for

massage and heat treatments. He continued being treated there for twelve days, and then went to a general hospital. A diagnosis was made of herniated intervertebral disc. During a period of almost a year he was given medical and surgical care from time to time, including a laminectomy removing a disc, but continued to complain of severe pain in the lower part of the back and down both legs. He walked with a shuffle, used a cane and wore a support. The medical evidence included hospital records covering confinement on three occasions and the testimony of four medical practitioners with varying specialties.

Petitioner bases his contention primarily upon the testimony given by one Dr. Kaplan, a psychiatrist to whom he was referred by his attorney shortly before the hearings began. Petitioner could not speak English very well and the examination was conducted through a Ukranian interpreter. The doctor testified that after making his examinations he diagnosed the petitioner's condition, in addition to the organic back pathology, as a psychoneurotic conversion reaction, which he described as a form of emotional disorder where the patient changes or converts some emotional problem into a bodily symptom or manifestation. In response to hypothetical questions he testified there was a causal relationship between the accident and the subsequent psychiatric problems. He further stated that he felt the condition was permanent, rendering petitioner unable to engage in any gainful employment. The respondent offered no evidence relating to mental disability, and the petitioner claims that Dr. Kaplan's uncontradicted testimony could not be ignored by the commission, that it must, in effect, be accepted at face value.

We do not agree. There was substantial conflict in the testimony of the various medical witnesses as to the extent of petitioner's physical disability and as to whether he could pursue a gainful occupation. The commission found these issues in favor of petitioner, granting an award for dis-

84

ability based upon the loss of use of the lower extremities. That it rejected another aspect of the claim, to which only one witness testified, does not mean that its finding must be held to be against the manifest weight of the evidence. The credibility of witnesses, and the weight, if any, to be given particular testimony are within the province of the Industrial Commission. As we have often pointed out the commission determines the facts and draws whatever reasonable inferences and conclusions are warranted by the evidence. The function of a court on judicial review is not to find the facts *de novo* but to determine whether the finding of the commission is against the manifest weight of the evidence considered as a whole. *Farace* v. *Industrial Com.,* 34 Ill.2d 80; *Beck* v. *Industrial Com.,* 32 Ill.2d 148.

In the case at bar both the arbitrator and the commission heard the conflicting medical testimony as well as the testimony of Dr. Kaplan. They observed the demeanor of the witnesses, and ascertained the weight to be given to the bases or reasons for their respective conclusions and opinions. This court cannot undertake to re-evaluate the weight and credence to be accorded such testimony, and the award must remain undisturbed. The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*