(No. 51998

DEAN P. JONES, Appellant, v. THE INDUSTRIAL COM-
MISSION *et al.* (Phoenix Closures, Inc., Appellee).

*Opinion filed January 23, 1980.*

Beermann, Swerdlove, Woloshin & Barezky and Jordan Teplitz, Ltd., both of Chicago (Miles N. Beermann and Howard A. London, of counsel), for appellant.

Richard W. Baum, of Burgeson, Laughlin, Cunningham & Smith, of Chicago, for appellee.

MR. JUSTICE WARD delivered the opinion of the court:

Dean Jones filed a claim under the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.1 *et seq.*) for injuries sutained on a parking lot provided for employees by Phoenix Closures, Inc. (Phoenix), his employer, when he accidentally closed a car door on his hand while alighting from his automobile. The arbitrator and the Industrial Commission denied an award and the circuit court of Cook County confirmed the Commission's decision. The claimant brought a direct appeal to this court under Rule 302(a). 73 Ill. 2d R. 302(a).

The facts are not in dispute. The claimant, at the time of his injury, had been employed by Phoenix for two years. At about 3:45 p.m. on July 14, 1975, he arrived at the parking lot prepared to begin work at 4 o'clock. He parked his car and as he was leaving it he accidentally closed the door on his right hand. Upon reporting his

injury to his supervisor and a company nurse, he was sent to a hospital where X rays revealed a fracture of the fifth metacarpal of the right hand. The claimant was hospitalized for five days and required to wear a cast for two months. He returned to work on September 2, 1975.

This court has held that an accidental injury of an employee on an employer's parking lot within a reasonable time before or after work is sustained in the course of employment. (See, *e.g., Aaron v. Industrial Com.* (1974), 59 Ill. 2d 267, 269; *De Hoyos v. Industrial Com.* (1962), 26 Ill. 2d 110.) An injury, however, must also have arisen out of the employment to come within the provisions of the Workmen's Compensation Act. The question here was whether the injury arose out of the employment. In *Chmelik v. Vana* (1964), 31 Ill. 2d 272, the court discussed the nature of the term:

> "The words 'arising out of' refer to the origin or cause of the accident and presuppose a causal connection between the employment and the accidental injury, (*Ceisel v. Industrial Com.* 400 Ill. 574; *Math Igler's Casino, Inc. v. Industrial Com.* 394 Ill. 330,) and in order for an injury to come within the act it must have had its origin in some risk connected with, or incidental to, the employment, so that there is a causal connection between the employment and the injury. (*Dunham Co. v. Industrial Com.* 16 Ill. 2d 102; *Chicago Hardware Foundry Co. v. Industrial Com.* 393 Ill. 294.) The injury need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment and to have flowed from that source as a natural consequence. (*Permanent Construction Co. v. Industrial Com.* 380 Ill. 47.) Ordinarily, an injury does not arise out of the employment unless the danger causing the injury is

peculiar to the work and the risk is not one to which the public generally is subjected, (*Laco-marcino-Grupe Co. of Iowa v. Industrial Com.* 383 Ill. 95;) however, if an employee is exposed to a risk common to the general public to a greater degree than other persons by reason of his employment, the accidental injury is said to arise out of his employment. *Payne and Dolan v. Industrial Com.* 382 Ill. 177; *Hinckley & Schmitt v. Industrial Com.* 391 Ill. 577; *Cudahy Packing Co. v. Parramore,* 263 U.S. 418, 68 L. Ed. 366." 31 Ill. 2d 272, 277-78.

The injury sustained here was not causally connected with the claimant's employment. The possibility of slamming a car door on one's hand was not peculiar to the claimant's employment nor was it a risk to which he was exposed to a greater degree than the general public.

We conclude that the circuit court did not err in confirming the finding of the Commission. The judgment of the circuit court is affirmed.

*Judgment affirmed.*