(No. 53171.—)

LLOYD O. ROGERS, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Superior Equipment Manufacturing, Appellee).

*Opinion filed December 19, 1980.*

CLARK and WARD, JJ., dissenting.

Michael D. Ryan, of Ryan, Grabb, Cini & Bennett, of Mattoon, for appellant.

Armstrong, Erickson & Davis, Ltd., of Decatur (Garry E. Davis and Jonathan R. Erickson, of counsel), for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

Lloyd O. Rogers, the employee, while on a parking lot of Superior Equipment Manufacturing, the employer, after leaving work, was struck by a malfunctioning automobile, that was driven by his wife. An arbitrator for the Industrial Commission denied the employee compensation under the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.1 *et seq.*), finding that he had failed to prove that he sustained an accidental injury arising out of and in the course of his employment. The Industrial Commission affirmed the arbitrator's decision, and the circuit court of Coles County confirmed the decision of the Industrial Commission. The employee has appealed to this court. 73 Ill. 2d R. 302(a).

Rogers, after finishing work at about 3:35 p.m. on April 25, 1977, "punched out" his time card at the employer's "clock house" located adjacent to a parking lot owned by the employer and used by the employees for parking their automobiles. Rogers was expecting his wife to pick him up in the parking lot after work. After leaving the "clock house," he saw his wife parked in her automobile in the parking lot a short distance away.

As he was walking towards his wife's car in the parking lot he suddenly heard a loud noise, sounding, as he said, like a hundred automobile engines, and he saw his wife's automobile bearing down on him. It struck him, causing serious injuries. The evidence indicates that the automobile had malfunctioned, causing it to strike Rogers. There is no evidence that the employer, or the condition of its parking lot, was in any way responsible for the malfunction of the vehicle or the accident.

Accidental injuries to employees sustained on an employer's parking lot within a reasonable time before or after work are generally held to be sustained "in the course of" employment. (*De Hoyos v. Industrial Com.* (1962), 26 Ill. 2d 110; *Carr v. Industrial Com.* (1962), 26 Ill. 2d 347; *Aaron v. Industrial Com.* (1974), 59 Ill. 2d 267.) Under such conditions, the employee is held to be at his place of employment to the same extent as though he were at the place where his work was actually performed. However, as this court noted in *Aaron,* not all parking-lot injuries are compensable.

Although one's presence on the parking lot may put him at his place of employment to satisfy the requirement that the injury be sustained in the course of employment, it does not, by itself, establish that the accident arose out of the employment. As this court has held, not only must the claimant establish that the accidental injury was incurred in the course of employment, he must also prove that the accidental injury arose out of his employment. The accident must be shown to have resulted from a risk incidental to the employment. (*Quarant v. Industrial Com.* (1967), 38 Ill. 2d 490, 492.) The term "arising out of employment" refers to the causal link between the employment and the injury. (*W.K.I.D. Broadcasting Co. v. Industrial Com.* (1969), 42 Ill. 2d 236, 239.) For an injury to come within the Act, it must have had its origin in some risk connected with, or incidental to, the

employment so that there is a causal connection between the employment and the injury. Ordinarily, the injury does not arise out of the employment unless the danger causing the injury is peculiar to the work and the risk is not one to which the public generally is subjected. *Chmelik v. Vana* (1964), 31 Ill. 2d 272; *Jones v. Industrial Com.* (1980), 78 Ill. 2d 284.

The claimant contends that the facts are undisputed and that the question of whether the injury arose out of and in the course of the employment is therefore one of law and we need not consider whether the holding of the Industrial Commission is against the manifest weight of the evidence. Relying on *De Hoyos v. Industrial Com.* (1962), 26 Ill. 2d 110, claimant contends that he is entitled to recovery as a matter of law. We do not agree. It is true that in *De Hoyos* the claimant was held as a matter of law to be entitled to compensation for injuries sustained when he slipped and fell on a parking lot which was covered with snow and ice and which was under the control and maintenance of the employer. However, in our case, the injury was not caused by a condition of the parking lot, or by any activity of the employer. We cannot therefore say as a matter of law that the injury arose out of the employment.

In *Fisher Body Division, General Motors Corp. v. Industrial Com.* (1968), 40 Ill. 2d 514, the employee was injured when the battery in his car blew up in his face as he was attaching jumper cables from a booster battery in order to start his car. The court distinguished that case from the cases where the employees are injured crossing a parking lot which has become slippery with ice and snow as in *De Hoyos v. Industrial Com.* (1962), 26 Ill. 2d 110, and *Carr v. Industrial Com.* (1962), 26 Ill. 2d 347, and from cases where an employee is struck by a car during a mass exodus of vehicles at quitting time, such as in *Chmelik v. Vana* (1964), 31 Ill. 2d 272. The court noted

that those conditions caused a degree of exposure to a risk of common accident beyond that to which the general public is subjected, but held in the case before it that neither the duties of his employment nor the fact that his car was in the parking lot significantly increased the danger of injury from working on his own car.

*Jones v. Industrial Com.* (1980), 78 Ill. 2d 284, is another parking-lot case in which the injury was held noncompensable. In that case an employee, when alighting from his car on his employer's parking lot, accidentally closed a car door on his hand. This court stated that the possibility of slamming a car door on his hand was not peculiar to his employment, nor was it a risk to which he was exposed to a greater degree than the general public.

It was incumbent upon the Industrial Commission to determine from the evidence in the case whether the danger causing the injury to the claimant was peculiar or incidental to his employment. In light of this court's holding in *Jones v. Industrial Com.* (1980), 78 Ill. 2d 284, and in *Fisher Body Division, General Motors Corp. v. Industrial Com.* (1968), 40 Ill. 2d 514, we cannot say that the Industrial Commission's holding that the claimant's injury, caused by being run down by his wife's malfunctioning automobile, did not arise out of his employment is against the manifest weight of the evidence. The judgment of the circuit court of Coles County is therefore affirmed.

*Judgment affirmed.*

MR. JUSTICE CLARK, dissenting:

I dissent because I think this case is very similar to *Chmelik v. Vana* (1964), 31 Ill. 2d 272, wherein the plaintiff employee's negligence action was dismissed because the injury he sustained was held to be exclusively compensable under the Workmen's Compensation Act (Ill. Rev. Stat. 1961, ch. 48, par. 138.5(a)). Chmelik was injured as he left work when he walked across the parking lot pro-

vided by his employer and was struck by Vana's automobile and suffered serious injury. The court held that the injury occurred "in the course of" Chmelik's employment, referring to the time, place and circumstances of the injury.

The court, in holding also that the accidental injury "arose out of" Chmelik's employment, stated:

> "Ordinarily, an injury does not arise out of the employment unless the danger causing the injury is peculiar to the work and the risk is not one to which the public generally is subjected, (*Lagomarcino-Grupe Co. of Iowa v. Industrial Com.* 383 Ill. 95;) however, if an employee is exposed to a risk common to the general public to a greater degree than other persons by reason of his employment, the accidental injury is said to arise out of his employment. *Payne and Dolan v. Industrial Com.* 382 Ill. 177; *Hinckley & Schmitt v. Industrial Com.* 391 Ill. 577; *Cudahy Packing Co. v. Parramore,* 263 U.S. 418, 68 L. Ed. 366." (*Chmelik v. Vana* (1964), 31 Ill. 2d 272, 277-78.)

The court then refuted the plaintiff's arguments:

> "First, that the use of the parking lot is in no manner connected with the employer-employee relalationship, and, second, that employees using the lot are exposed to no greater perils than the general public. We do not agree with either contention. As to the first, it is more than clear that the parking lot was provided and used as an incident of the employment. The lot was used as an adjunct of the employer's plant, it was furnished and maintained by the employer to facilitate arrival and departure from work, and it was contemplated that employees would use the lot in going to and from their employment. As to the second contention, it would be sufficient to say there is no

showing that the public used the lot or were exposed to its perils. But even if such a showing had been made, it would be of little avail to plaintiff. The regular and continuous use of the parking lot by employees, most particularly at quitting time when there is a mass and speedy exodus of the vehicles on the lot, would result in a degree of exposure to the common risk beyond that to which the general public would be subjected. *Cf. Biggs v. Farnsworth,* 336 Ill. App. 417; *Cunningham v. Metzger,* 258 Ill. App. 150; *Murphy v. Meittinen,* 317 Mass. 633, 59 N.E.2d 252.

We conclude that the accidental injury here did arise out of and in the course of the employment ***." 31 Ill. 2d 272, 279-80.

In the instant case, the facts are virtually identical, except for the fact that the claimant's wife was the operator of the car which struck the claimant and the car malfunctioned. The majority has not explained, however, why the outcome should be different from *Chmelik* as a result. Certainly it appears that, if the claimant's wife had struck and injured a different employee, the injuries would be compensable under the Act. Thus, I do not understand why the majority concludes that, although an employee was accidentally struck by a car driven by his wife as the employee was crossing an employer-controlled parking lot at the end of the work shift, his injuries are not compensable under the Act. While it is true that deference should be given to the Commission's fact-finding expertise, we should not do so at the cost of disregarding our own precedent.

MR. JUSTICE WARD joins in this dissent.