AMERICAN ELECTRIC CORDSETS, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Monica B. Jankovic, Appellee).

Second District (Industrial Commission Division)  No. 2—89—0985WC

Opinion filed June 7, 1990.

William J. Catena and Ruth E. Stelzman, both of Catena & Stelzman, of Chicago, for appellant.

Michael Lebovitz, of Michael Lebovitz, Ltd., and Ira A. Moltz, both of Chicago, for appellee.

JUSTICE WOODWARD delivered the opinion of the court:

The employer, American Electric Cordsets, appeals from the judgment of the circuit court of Du Page County which confirmed the Industrial Commission's (Commission's) decision to award compensation to claimant, Monica Jankovic.

The matter was heard by the arbitrator, who found that claimant failed to prove that her injuries arose out of and in the course of her employment. In its decision and opinion on review, the Commission reversed the arbitrator, finding that claimant's injury arose out of and in the course of her employment. The Commission awarded $87\frac{2}{7}$ weeks of temporary total disability (TTD) and $1,609.80 in medical expenses. It further found that this award would not bar compensation for claimant's permanent disability, if any. The circuit court confirmed the Commission's decision, and this appeal followed.

At the hearing before the arbitrator, claimant, a 40-year-old press operator, stated that, during her lunch break on June 25, 1985, she punched out of the employer's factory and went to her car to get some change. The car was parked on asphalt pavement outside the company

parking lot fence so that it would not be damaged by other employees opening their car doors into it. After several minutes in her car, claimant headed back to the factory, and after entering through the parking lot, she slipped and fell over backward, striking her head and back. At the time she was in the parking lot, she was about 30 feet from the factory door. Claimant was in such pain that she went back to her car and, instead of returning to work, drove to the office of her family physicians, Drs. Zecevic and Paunovic. The following day, claimant wrote a letter to Ann Marie Holt, the employer's personnel manager, notifying the employer of her injuries.

Testifying for claimant, Eugeniusz Wojtanek, a general contractor corroborated claimant's testimony that on June 25, 1985, she fell in the employer's parking lot. Mr. Wojtanek stated that he was following a vending truck around noontime on the date in question. He parked his truck and walked to the vending truck, which was located inside the employer's fence. After purchasing his lunch, Mr. Wojtanek saw claimant fall in the parking lot.

Ann Marie Holt, the employer's personnel manager, acknowledged that employees parked both in the company lot and on a section of asphalt outside the fence, which surrounded the company parking lot. She also admitted that the employer maintained the company parking lot and the asphalt section outside the fence by clearing them of snow and keeping them clean. Ms. Holt further stated that she received claimant's letter notifying the employer of her injury.

We note that in claimant's petition for an immediate hearing and penalties, filed pursuant to the Workers' Compensation Act (Ill. Rev. Stat. 1985, ch. 48, par. 138.1 *et seq.*), she alleged that the condition of the asphalt upon which she fell was slippery and greasy. At no time did the employer dispute claimant's allegation as to the condition of the asphalt.

The only issue on appeal is whether claimant's injury arose out of her employment. The employer concedes that the accident occurred in the course of claimant's employment. It is axiomatic that it is the province of the Commission to determine the credibility of the witnesses, weigh the testimony, and to attribute weight to be given the evidence. (*Berry v. Industrial Comm'n* (1984), 99 Ill. 2d 401.) Decisions of the Commission will not be set aside unless they are contrary to the manifest weight of the evidence. *Certi-Serve, Inc. v. Industrial Comm'n* (1984), 101 Ill. 2d 236.

The employer relies primarily on *Caterpillar Tractor Co. v. Industrial Comm'n* (1989), 129 Ill. 2d 52, in support of its contention that claimant's injury did not arise out of and in the course of her employ-

ment. In *Caterpillar*, claimant had completed working and walked out of the employer's building in order to go to the parking lot. He proceeded along a sidewalk for about 30 feet and then stepped off a seven- or eight-inch curb onto the blacktop driveway. There was a modest cement slope, allegedly for drainage, between the curb and driveway. Claimant stepped off the curb, and his right foot landed partially on the cement incline and partially on the driveway, with the result that he twisted his ankle.

The claimant in *Caterpillar* testified that, at the time of his injury, the pavement was dry and in good condition. He did not fall, trip, or slip. Claimant merely stepped off the curb and twisted his ankle. The supreme court concluded that the only reasonable inference to be drawn was that the condition of the premises was not a contributing cause of claimant's injury.

■ The employer argues that in this case the condition of the premises did not cause claimant's fall. Claimant asserted in her section 19(b) petition that the parking lot was slippery and greasy which led to her fall. The testimony of Mr. Wojtanek (a disinterested witness) was as follows:

"Q. (MS. WEIN) At any time on June 25, 1985 did you see Mrs. Jankovic?

A. Yes.

Q. And where did you see her when you first noticed her?

A. I saw her fall in the parking lot.

Q. How far away from her were you at the time?

A. I don't know, ten to 12 feet maybe.

Q. Could you describe that for us, please?

A. It looked like she fell backwards like she slipped on something."

The employer offered no evidence to rebut the inference that the pavement's condition caused claimant's fall. From this record, the Commission could reasonably infer that the condition of the parking lot pavement led directly to her fall. In *Caterpillar*, the supreme court stated:

"In our opinion, the only reasonable inference which can be drawn from the evidence in the record is that the condition of the premises was not a contributing cause of Price's injury." *Caterpillar*, 129 Ill. 2d at 61.

Claimant argues *Caterpillar* is not controlling here. In *Caterpillar*, the supreme court emphasized that claimant merely stepped off a curb and twisted his ankle rather than slipping, tripping, or falling. The evidence in this case indicates that this claimant slipped on the surface of the parking lot, which was under the control of the em-

ployer. Claimant's testimony, bolstered by that of Mr. Wojtanek's, supports the Commission's decision. See also *Chicago Tribune Co. v. Industrial Comm'n* (1985), 136 Ill. App. 3d 260, 264.

■ The employer also asserts that the parking lot was open to the general public, and, therefore, claimant was not exposed to a risk greater than that of the general public. The record does not support his contention. There was no evidence to the effect that members of the public *regularly* used the the employer's lot. The employer relies solely on Mr. Wojtanek's testimony that he was attending a vendor's truck which was parked in the the employer's lot. The employer ignores the testimony of Ann Marie Holt, who stated that the parking lot was maintained and cleaned by the employer. From the evidence, the Commission could reasonably infer that the the employer's parking lot was not open to and regularly used by the public.

For these reasons, we conclude that the Commission's decision, finding the accident arose out of and in the course of claimant's employment, was not against the manifest weight of the evidence. Accordingly, we affirm the judgment of the circuit court.

Affirmed.

BARRY, P.J., and McNAMARA, McCULLOUGH, and LEWIS, JJ., concur.