DAVINA HAMMEL, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (L T V Steel Company, Appellee).

Third District (Industrial Commission Division) No. 3—92—0241WC

Opinion filed November 12, 1993.—Rehearing denied January 31, 1994.

McCULLOUGH, P.J., dissenting.

John E. Mitchell, of Law Offices of John E. Mitchell, and Benassi & Benassi, both of Peoria, for appellant.

Daniel Arkin, of Stevenson, Rusin & Friedman, Ltd., of Chicago, for appellee.

JUSTICE RARICK delivered the opinion of the court:

Claimant, Davina Hammel, appeals from the judgment of the circuit court of Putnam County confirming the decision of the Industrial Commission (Commission) denying her benefits. Claimant sought benefits pursuant to the Workers' Compensation Act (Act) (Ill. Rev. Stat.

1983, ch. 48, par. 138.1 *et seq.*) for injuries sustained in a vehicular accident on March 7, 1984, on the parking lot of her employer, L T V Steel. The arbitrator denied her claim finding that although the accident fell within the course of claimant's employment, it did not arise out of her employment. Upon review, the Commission affirmed the arbitrator's decision, which in turn was confirmed by the circuit court. Claimant argues on appeal that the Commission's decision is against the manifest weight of the evidence and contrary to law.

On March 7, 1984, claimant had been employed by L T V Steel (employer) for some 16 years as an office worker. At the end of her work day at approximately 5 p.m., claimant got into her car parked on the company lot and proceeded to leave the premises by way of the route designated for office personnel. As she approached the traffic gate, a semi-truck en route to employer's scale came in the left-hand entryway of the lot, crossed the intersection and smashed into the left side of her car. Claimant's car was totaled, and she was rendered unconscious. Claimant was removed from her car by the plant nurse and taken to the plant infirmary. Once she regained consciousness, she was advised by the company doctor to go home and rest, and if she did not feel better soon, to go to the hospital. Claimant went to the hospital, where she remained for three days. Claimant testified she continues to have pain in the right side of her neck and numbness in the lateral two fingers of her right hand and at the base of her neck. Climbing stairs causes pain between her knee and her hip, and she can drive only 15 minutes before she has pain in her back.

Claimant was given a release to return to work part time on December 15, 1984. She was informed, however, employer did not have any part-time work for her to do. On December 19, claimant was placed on permanent layoff. While claimant received short-term disability benefits, no benefits were paid after her layoff. Claimant still has not been released for full duties by her doctor. Eventually claimant attended college, earned a degree and started a new career.

■■ The first determination we must make is whether this case involves an issue of law, as claimant urges, or one of fact and inferences. It is true, for the most part, the facts here are undisputed. An issue becomes one of law, however, only when such undisputed facts are susceptible of but a single inference. (See *Deal v. Industrial Comm'n* (1976), 65 Ill. 2d 234, 237, 357 N.E.2d 541, 542; *Chicago Transit Authority v. Industrial Comm'n* (1975), 61 Ill. 2d 78, 83, 329 N.E.2d 198, 201.) If, on the other hand, the undisputed facts permit more than one reasonable inference to be drawn therefrom, we are

faced with a question of fact, and the conclusion of the Commission will not be disturbed on review unless contrary to the manifest weight of the evidence. (See *Caterpillar Tractor Co. v. Industrial Comm'n* (1989), 129 Ill. 2d 52, 60, 541 N.E.2d 665, 668; *Orsini v. Industrial Comm'n* (1987), 117 Ill. 2d 38, 44, 509 N.E.2d 1005, 1008. See also *Brady v. Louis Ruffolo & Sons Construction Co.* (1991), 143 Ill. 2d 542, 549, 578 N.E.2d 921, 924.) As conflicting inferences are capable of being drawn as to whether claimant's injuries arose out of her employment (see *Brady*, 143 Ill. 2d at 549, 578 N.E.2d at 924; *Orsini*, 117 Ill. 2d at 44, 509 N.E.2d at 1008), we have only to answer whether the Commission's decision is against the manifest weight of the evidence.

In order for accidental injuries to be compensable under the Act, a claimant must show such injuries *arose out of* and *in the course of* his or her employment. (*Caterpillar Tractor Co.*, 129 Ill. 2d at 57, 541 N.E.2d at 667; *Orsini*, 117 Ill. 2d at 44, 509 N.E.2d at 1008.) The phrase "in the course of" refers to the time, place and circumstances under which the accident occurred. (*Caterpillar Tractor Co.*, 129 Ill. 2d at 57, 541 N.E.2d at 667; *Chmelik v. Vana* (1964), 31 Ill. 2d 272, 278, 201 N.E.2d 434, 438.) Accidental injuries sustained on a parking lot either owned or controlled by the employer within a reasonable time before or after work generally have been held to arise in the course of employment. (See *Caterpillar Tractor Co.*, 129 Ill. 2d at 57, 541 N.E.2d at 667; *Peel v. Industrial Comm'n* (1977), 66 Ill. 2d 257, 260, 362 N.E.2d 332, 334; *Chmelik*, 31 Ill. 2d at 278-79, 201 N.E.2d at 438-39.) The fact that the injury arose in the course of employment is not sufficient, however; to be compensable, the injury must also *arise out of* the employment. (*Orsini*, 117 Ill. 2d at 44-45, 509 N.E.2d at 1008; *Peel*, 66 Ill. 2d at 260, 362 N.E.2d at 334.) "Arising out of" refers to the origin or cause of the accident and presupposes some causal connection between the employment and the accidental injury. (*Chmelik*, 31 Ill. 2d at 277, 201 N.E.2d at 438.) In other words, the injury must have its origin in some risk connected with or incident to the employment so as to create a causal connection between the employment and the injury. (*Caterpillar Tractor Co.*, 129 Ill. 2d at 58, 541 N.E.2d at 667; *Peel*, 66 Ill. 2d at 260, 362 N.E.2d at 334.) The injury does not arise out of the employment, however, if it results from a hazard to which the employee would have been equally exposed apart from the employment. (*Caterpillar Tractor Co.*, 129 Ill. 2d at 59, 541 N.E.2d at 667; *Orsini*, 117 Ill. 2d at 45, 509 N.E.2d at 1008-09; *A.E. Staley Manufacturing Co. v. Industrial Comm'n* (1986), 140 Ill. App. 3d 766, 768, 489 N.E.2d 20, 21.) If, on the other hand,

the employee is exposed to a risk common to the general public to a greater degree than other persons by reason of his employment, then the accidental injury is one which arose out of his employment. (*Orsini*, 117 Ill. 2d at 45, 509 N.E.2d at 1008; *Jones v. Industrial Comm'n* (1980), 78 Ill. 2d 284, 287, 399 N.E.2d 1314, 1315; *Chmelik*, 31 Ill. 2d at 278, 201 N.E.2d at 438.) The question then becomes what type of hazard was claimant exposed to here.

■ While it is true one's mere physical presence on an employer's parking lot is no longer sufficient, in and of itself, to give rise to the right to compensation (see *Brady*, 143 Ill. 2d at 550, 578 N.E.2d at 924; *Caterpillar Tractor Co.*, 129 Ill. 2d at 63, 541 N.E.2d at 669), claimant here presented sufficient evidence to show she was exposed to a risk not common to the general public. (See *Deal*, 65 Ill. 2d 234, 357 N.E.2d 541; *Jewel Cos. v. Industrial Comm'n* (1974), 57 Ill. 2d 38, 310 N.E.2d 12; *Chmelik*, 31 Ill. 2d 272, 201 N.E.2d 434.) The roadway used by claimant was incident to her employment; in fact, employer had directed claimant as to the route to use to enter and exit the premises. The fact that the configuration of employer's parking lot also required semi-trucks to cross employee traffic to reach designated areas of employer's premises created a hazard, particularly at the end of a shift, to which the general public was not exposed. The Commission's finding to the contrary, consequently, is against the manifest weight of the evidence. We believe the opposite conclusion is clearly apparent.

Having determined that claimant sustained an accidental injury arising out of her employment, we reverse both the judgment of the circuit court and the decision of the Industrial Commission. We therefore remand this cause back to the Commission for specific findings with respect to the issues of disability and medical expenses.

Reversed and remanded.

RAKOWSKI, WOODWARD and STOUDER, JJ., concur.

PRESIDING JUSTICE McCULLOUGH, dissenting:

The arbitrator's decision, which was adopted by the Commission and confirmed by the circuit court, found the accident occurred in the course of employment but did not arise out of claimant's employment. The arbitrator found there was no evidence presented by claimant that the plant premises and roads were more dangerous than public roads. As the decision stated, "one's employment must subject one to an increased risk beyond that to which the general public is exposed."

Both *Brady* and *Caterpillar Tractor Co.* support the decision. In *Deal* and *Jewel Cos.*, referred to by the majority, the supreme court affirmed the decision of the Commission.

The majority supports its reversal of the Commission citing *Orsini* and *Jones*. In *Orsini*, the supreme court stated:

"[W]e will not reverse the decision of the Industrial Commission unless we find it to be contrary to the manifest weight of the evidence. We will not discard permissible inferences drawn by the Commission based upon competent evidence merely because other inferences might be drawn by us." (*Orsini*, 117 Ill. 2d at 44, 509 N.E.2d at 1008.)

In *Jones* (78 Ill. 2d at 287, 399 N.E.2d at 1315), the supreme court affirmed the Commission's decision denying the claimant benefits. Because the supreme court affirmed the Commission in *Orsini* and *Jones*, they do not support reversal of the Commission in this case.

The facts of this case may support affirming a finding the injury arose out of claimant's employment. The Commission found otherwise. The facts permitted more than one reasonable inference, one comparable to *Brady*, and the order of the circuit court of Putnam County confirming the Commission decision should be affirmed.