JOHN BECKER, d/b/a Becker Brothers Detasseling, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Phyllis Jean Russell, as Mother and Friend of Randall S. Russell, Appellee).

Third District (Industrial Commission Division)   No. 3—98—0889WC

Opinion filed October 18, 1999.

Brad A. Elward, Karen L. Kendall, Bradford B. Ingram, and Craig S. Young, all of Heyl, Royster, Voelker & Allen, of Peoria, for appellant.

Tym J. Kerr, of Kewanee, for appellee.

JUSTICE RAKOWSKI delivered the opinion of the court:

Employer John Becker, d/b/a Becker Brothers Detasseling, customarily provided transportation for his employees for his own benefit. In this particular case, employer drove claimant's son Randall S. Russel home from work in a school bus. Instead of pulling onto Randall's driveway, the driver parked on the shoulder of the county highway across the road from the driveway. The bus' left tires remained on the road near the white line. Randall stepped off the bus, walked 5 to 10 feet to his mailbox to get the newspaper, and then proceeded to cross the county highway when he was struck by a car coming around the bus. The issue is whether Randall's resulting injuries arose out of and in the course of his employment. Concluding that they do, we affirm the circuit court's confirmation of the Commission's award.

## I. Facts

On July 17, 1995, Randall, a 15-year-old, began working for employer as a detasseler.[1] Employer testified that he employed high school students as well as older adults and that it was customary for him to provide transportation for his employees. Accordingly, at approximately 4 p.m., a yellow school bus rented by employer picked Randall up at his house. The bus took Randall to the jobsite, where he worked until approximately 7 p.m.

Kim Becker, another employee, drove Randall home in the school bus. Employer was also on the bus. Upon reaching Randall's residence, Kim positioned the bus on the paved shoulder across the road from the driveway. Kim testified that the left wheels were on the white line. However, Randall testified the bus was half on the shoulder and half on the roadway. Similarly, his father, Chuck Russell, who was also one of the police officers called to the accident scene, testified that almost half the bus encroached onto the roadway.

Randall exited the bus and walked 5 to 10 feet ahead of the bus where the mailbox was located. He retrieved a newspaper and then began to cross the street when a car coming around the bus struck him. Randall testified that, before exiting the bus, he asked for and received Kim's permission to go to his mailbox before crossing the street. Neither Kim nor employer could recall whether Randall made this request.

Randall, through Phyllis Jean Russell, as mother and friend, filed

---

[1] A detasseler removes the tassels that bear the staminate flowers on the corn plant to prevent self-pollination. Webster's Third New International Dictionary 616, 2343 (1986).

an application for adjustment of claim pursuant to the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 1998)), seeking compensation for his injuries. The arbitrator awarded compensation, and the Commission affirmed. The circuit court confirmed the Commission's decision, and employer appeals. We have jurisdiction pursuant to Supreme Court Rule 301. 155 Ill. 2d R. 301.

## II. Analysis

Employer contends that the injuries Randall suffered when he was hit by a car while crossing the highway did not arise out of or in the course of his employment. Specifically, employer contends that case law does not extend an employer's obligations for workers' compensation to cover situations where the employee has departed the employment premises, both in time and space.

■ The Commission's determination of whether an injury arose out of and in the course of employment is a question of fact that will not be disturbed on review unless it is against the manifest weight of the evidence. *Flynn v. Industrial Comm'n*, 302 Ill. App. 3d 695, 701 (1998). " 'The test is not whether this or any other tribunal might reach the opposite conclusion, but whether there was sufficient factual evidence in the record to support the Commission's determination.' " *Divittorio v. Industrial Comm'n*, 299 Ill. App. 3d 662, 671 (1998), quoting *Beattie v. Industrial Comm'n*, 276 Ill. App. 3d 446, 450 (1995).

■ "Arising out of" and "in the course of" employment are two separate and distinct elements. The latter element of " 'in the course of' refers to the time, place and circumstances under which the accident occurred." *Caterpillar Tractor Co. v. Industrial Comm'n*, 129 Ill. 2d 52, 57 (1989); *Orsini v. Industrial Comm'n*, 117 Ill. 2d 38, 44 (1987). "Arising out of," on the other hand, refers to the causal connection between the injury and the employment. See *Caterpillar Tractor Co.*, 129 Ill. 2d at 58; *Orsini*, 117 Ill. 2d at 45. Whether an injury arises out of the employment may be determined under two different approaches.

■ First, an injury arises out of the employment where its origin stems from a risk connected with, or incidental to, the employment. *Caterpillar Tractor Co.*, 129 Ill. 2d at 58. "A risk is incidental to the employment where it belongs to or is connected with what an employee has to do in fulfilling his duties." *Caterpillar Tractor Co.*, 129 Ill. 2d at 58. Second, an injury arises out of the employment where it is caused by some risk to which the employee is exposed to a greater degree than the general public by virtue of his employment. *Orsini*, 117 Ill. 2d at 45. Under either approach, an injury does not arise out of the employment if it was caused by some hazard to which the em-

ployee would have been equally exposed notwithstanding his employment. *Orsini*, 117 Ill. 2d at 45; *Hammel v. Industrial Comm'n*, 253 Ill. App. 3d 900, 902 (1993).

■ Generally, injuries incurred while traveling to or from the ·workplace are not considered to arise out of and in the course of employment. *Commonwealth Edison Co. v. Industrial Comm'n*, 86 Ill. 2d 534, 537 (1981); *Hindle v. Dillbeck*, 68 Ill. 2d 309, 318 (1977); *Stevenson Olds Sales & Service v. Industrial Comm'n*, 140 Ill. App. 3d 703, 705 (1986). "The rationale underlying the rule is that the employee's trip to and from work is the result of the employee's decision about where to live, which is a matter of no concern to the employer." *Martinez v. Industrial Comm'n*, 242 Ill. App. 3d 981, 985 (1993). However, an exception to this rule exists where the employer expands the range of employment by providing the employee a means of transportation to and from work for the employer's own benefit. *Beattie v. Industrial Comm'n*, 276 Ill. App. 3d 446, 450 (1995); *Stevenson Olds Sales & Service*, 140 Ill. App. 3d at 705. In such situations, the transportation is considered to expand the "in the course of" element while apparently providing a risk incidental to the exigencies of employment that satisfies the "arising out of" element. See *Sjostrom v. Sproule*, 33 Ill. 2d 40, 43-44 (1965).

The instant case presents elements falling within the above exception. Employer testified that he employed high school students as well as other adults in his detasseling operations. It was reasonable for the Commission to infer from this evidence that employer benefited from providing transportation in that he was able to employ persons not yet eligible to drive to the workplace. As such, the Commission's decision that the transportation provided by employer expanded Randall's employment is supported by the evidence. See *Hindle*, 68 Ill. 2d at 320 (affirming Commission's decision that employer provided transportation for own benefit where some detasseling employees ranged in age from 14 to 16).

Employer contends, however, that the above exception does not support compensation here. Employer correctly observes that, unlike the typical case where the employee is injured while actually traveling between destinations, Randall was injured after he stepped off the bus at his home. See, *e.g.*, *Commonwealth Edison Co.*, 86 Ill. 2d 534; *Hindle*, 68 Ill. 2d 309; *Sjostrom*, 33 Ill. 2d 40. Although employer's observation is correct, it does not preclude compensation in this case.

Instead of determining whether Randall remained within the course of employment after disembarking from the bus under the exception discussed above, we find analogous and apply the reasoning set forth in those cases where an employee is injured in an area near

the employer's premises that is within the employer's control. The most common fact situation of this type is where the employee is injured in the employer's parking lot or an immediate area surrounding the workplace. See *Peel v. Industrial Comm'n*, 66 Ill. 2d 257, 260 (1977); *Hiram Walker & Sons, Inc. v. Industrial Comm'n*, 41 Ill. 2d 429, 431 (1968); *Chmelik v. Vana*, 31 Ill. 2d 272, 280 (1964); *Hammel*, 253 Ill. App. 3d at 903; *American Electric Cordsets v. Industrial Comm'n*, 198 Ill. App. 3d 87, 91 (1990). Although not every accidental injury sustained on the employer's premises is compensable, compensation is awarded under this line of cases where the claimant proves his injuries arose out of the hazards attendant to those locations and were sustained within a reasonable time before or after work. *Peel*, 66 Ill. 2d at 260; *Hiram Walker & Sons*, 41 Ill. 2d at 431; *Hammel*, 253 Ill. App. 3d at 903; *American Electric Cordsets*, 198 Ill. App. 3d at 91; see *Caterpillar Tractor Co.*, 129 Ill. 2d at 62 ("[w]hile the broad language of these cases might appear to imply that any accidental injury sustained on the employer's premises is compensable," "[a]n examination of the cases indicates this court's continued adherence to the maxim that an injury is not compensable unless it is causally connected to the employment").

For instance, in *Hiram Walker & Sons*, our supreme court found injuries sustained in a parking lot arose out of and in the course of employment. There, the claimant slipped in employer's parking lot after sleet and snow had fallen the previous night. In finding compensability, the court observed:

> " '[T]he parking lot was provided and used as an incident of the employment. The lot was used as an adjunct of the employer's plant, it was furnished and maintained by the employer to facilitate arrival and departure from work, and it was contemplated that employees would use the lot in going to and from their employment.' " *Hiram Walker & Sons*, 41 Ill. 2d at 430, quoting *Chmelik*, 31 Ill. 2d at 279.

In *Peel*, claimant was about to drive out of employer's parking lot immediately after work when he was stopped short by a co-employee's car blocking the only exit. In an attempt to push the car out of the exit with his co-employees, claimant slipped and struck his nose against the trunk causing him injury. In determining compensability, our supreme court reasoned that "since the accidental injury was sustained while Peel was assisting in the removal of the vehicle which was blocking the only usable entrance to the company's property, it plainly was incidental to his employment." *Peel*, 66 Ill. 2d at 260. As such, the court concluded that claimant's injuries arose out of and in the course of his employment. *Peel*, 66 Ill. 2d at 260.

Similarly, in *Deal v. Industrial Comm'n*, 65 Ill. 2d 234 (1976), our supreme court applied the same reasoning although the injury did not occur on the employer's premises. There, the employer's front door opened directly onto the sidewalk and provided, for all intents and purposes, the only exit from the premises. As the claimant was leaving the premises, he stepped onto the concrete apron joining the sidewalk to the front door's threshold and was struck by a bicyclist passing by. The employer argued that such a risk of injury is common to the general public and, therefore, the claimant's injuries were not compensable. The court disagreed, reasoning that the employees leaving the office were immediately exposed to the hazards of any type of traffic on the sidewalk and, as such, the Commission could reasonably conclude that claimant's injury arose out the employment as one that he was exposed to a greater degree than the general public.

█ The underlying reasoning in these cases supports a finding that Randall's injuries arose out of and in the course of his employment. As to the "arising out of" prong, Randall encountered a hazardous condition attendant to his employment just like the claimants in the above cases. Specifically, the record shows that the bus was parked across the highway from Randall's driveway and that the left wheels were either on the white line or farther toward the middle of the road. As such, Randall had to cross the highway to reach his home. Because Randall crossed the highway in front of the bus, one could easily infer that a hazardous condition for crossing the highway was created. Not only was Randall's view obstructed, but it can be inferred that the view of the driver that hit him was obstructed as well. As to the "in the course of" prong, clearly Randall was in the course of his employment up until he stepped off the bus as the bus ride home was provided for employer's own benefit and expanded Randall's employment. Further, under the above cases, Randall remained in the course of his employment for a reasonable time after leaving the bus since leaving the bus is analogous to and just as incidental as leaving a typical workplace.

Nevertheless, employer contends that Randall was not in the course of his employment because he took a personal deviation by retrieving a newspaper from his mailbox before crossing the street. We find this fact irrelevant.

In *Hiram Walker & Sons*, claimant fell and was injured in employer's parking lot before work. There was evidence, however, that the accident occurred while claimant was heading toward a cafe instead of proceeding directly to work. In finding his injuries were sustained in the course of his employment, the supreme court reasoned that "[h]is presence in the lot was due entirely to his employment."

*Hiram Walker & Sons*, 41 Ill. 2d at 431. The existence of the risks did not depend upon whether he directly proceeded to work or went to breakfast first. Without evidence that the parking lot's condition would have been remedied between the time of the his arrival and the time he was suppose to begin work, the court believed that "neither the precise time of his arrival nor his immediate destination was relevant to the risk created by the condition of the parking lot." *Hiram Walker & Sons*, 41 Ill. 2d at 431.

The same is true here. That Randall crossed the highway with an obstructed view of traffic was due entirely to his employment. The employer could have dropped him off on his driveway or could have dropped him off and driven away. Under either of these scenarios, Randall would have been exposed to the same risks to which the general public is exposed. Nevertheless, the location of the bus coupled with Randall's decision as to where to cross the road created a hazardous situation, namely, crossing the highway without a clear, unobstructed view. That hazard existed even assuming Randall immediately crossed the highway after exiting the bus. Clearly, Randall's going to the mailbox, an act that could not have taken more than a minute according to the record, was not a deviation that could remove him from the course of his employment or vitiate the hazardous condition that was created. *Hiram Walker & Sons*, 41 Ill. 2d at 431 (precise time of claimant's arrival into employer's parking lot or destination was not relevant where "[h]is presence in the lot was due entirely to his employment"). Moreover, there is some evidence in the record that employer acquiesced to Randall's detour. See *Miller v. Reynolds*, 200 Ill. App. 3d 166, 171-72 (1990) (course of employment may be expanded by employer's acquiescence to employee's activities or where the employee performs a task outside his regular duties to advance the employer's interests). As such, we find employer's contention unpersuasive; therefore, we still conclude that Randall's injuries arose out of and in the course of his employment.

### III. Conclusion

For the reasons discussed above, we affirm the trial court's confirmation of the Commission's decision.

Affirmed.

McCULLOUGH, P.J., and COLWELL, HOLDRIDGE, and RARICK, JJ., concur.