WAL-MART STORES, INC., Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Heather Parry, Appellee).

Fourth District    No. 4—01—0037WC

Argued October 31, 2001.— Opinion filed December 11, 2001.

440

McCULLOUGH, P.J., specially concurring.

RARICK, J., specially concurring in part and dissenting in part, joined by HOLDRIDGE, J.

R. Mark Cosimini, of Rusin, Patton, Maciorowski & Friedman, Ltd., of Urbana, for appellant.

Kathy A. Olivero, of Kanoski & Associates, of Springfield, for appellee.

JUSTICE O'MALLEY delivered the opinion of the court:

Respondent, Wal-Mart Stores, Inc. (Wal-Mart), appeals from the order of the trial court confirming the decision of the Industrial Commission (Commission) wherein claimant, Heather Parry, was awarded temporary total disability benefits, permanency benefits, and payment of medical bills. Parry cross-appeals from the trial court's order denying her motion to dismiss.

On November 11, 1995, Parry was employed by Wal-Mart and was scheduled to work a 4:30 p.m. to 11 p.m. shift. Parry left the store at 8:30 p.m. for her meal break. She did not return that night; instead, she called the store from her home and told the assistant manager that she had slipped on ice in the parking lot on the way to her car and injured her back. After seeking medical care, Parry was released to work on December 26, 1995.

Parry filed an application for adjustment of claim on February 15, 1996. Following an evidentiary hearing, the arbitrator found that Parry's injury arose out of and in the course of her employment and that her current condition of ill-being was causally related to her injury. Therefore, the arbitrator awarded Parry temporary total disability benefits, permanency benefits, and payment of medical bills. The Commission, with one dissenting opinion, affirmed and adopted the arbitrator's decision.

Wal-Mart filed a request for summons and review in the circuit court of Macon County on May 20, 1999. Along with the request, Wal-Mart filed a copy of an appeal bond that had been executed on May 19. The original bond was not filed until May 25, five days after the period for filing had expired. Parry filed a motion to dismiss, arguing that the circuit court did not obtain subject-matter jurisdiction over the matter because Wal-Mart had not filed an appropriate bond with its request for summons. The trial court denied the motion to dismiss but affirmed the Commission's order. This appeal and cross-appeal followed.

■ We will first address Parry's cross-appeal. Parry contends that the circuit court did not have subject-matter jurisdiction to review the Commission's decision because Wal-Mart failed to fulfill the statutory requirements for vesting the court with jurisdiction. While circuit courts are courts of general jurisdiction and enjoy the presumption of subject-matter jurisdiction, that presumption is unavailable in workers' compensation proceedings, where the court exercises special statutory jurisdiction. *Kavonius v. Industrial Comm'n*, 314 Ill. App. 3d 166, 169, 731 N.E.2d 1287, 1290 (2000).

■ Section 19(f)(2) of the Workers' Compensation Act (the Act) requires a party seeking circuit court review to file an appeal bond along with the written request for summons. 820 ILCS 305/19(f)(2) (West 2000). The request for summons must be filed within 20 days of receipt of notice of the Commission's decision. 820 ILCS 305/19(f)(1) (West 2000). No summons shall issue unless the party against whom the Commission rendered an award "shall upon the filing of his written request for such summons" file the bond with the clerk. 820 ILCS 305/19(f)(2) (West 2000). The filing of the bond is requisite to conferring jurisdiction on the circuit court. *Firestone Tire & Rubber Co. v. Industrial Comm'n*, 74 Ill. 2d 269, 272, 384 N.E.2d 1329, 1331 (1979).

■ Courts have held that improperly executed bonds are insufficient to vest jurisdiction in the circuit court, even when the bonds were filed in a timely fashion. See *Deichmueller Construction Co. v. Industrial Comm'n*, 151 Ill. 2d 413, 415, 603 N.E.2d 516, 517 (1992); *Berryman Equipment v. Industrial Comm'n*, 276 Ill. App. 3d 76, 78-79, 657 N.E.2d 1039, 1041 (1995); *Illinois Armored Car Corp. v. Industrial Comm'n*, 205 Ill. App. 3d 993, 999, 563 N.E.2d 951, 956 (1990). In each of these cases, an appeal bond was timely filed along with a written request for summons; however, each bond was signed by the employer's attorney instead of the employer. These bonds were found not to be in compliance with the requirement of section 19(f)(2) that the party against whom the Commission shall have rendered an award file the bond. Even affidavits attesting to the attorneys' authority, subsequently filed by the employers outside the 20-day filing period, did not correct the deficiencies. See *Deichmueller Construction Co.*, 151 Ill. 2d at 415, 657 N.E.2d at 955; *Berryman Equipment*, 276 Ill. App. 3d at 78-79, 657 N.E.2d at 1041; *Illinois Armored Car Corp.*, 205 Ill. App. 3d at 998-99, 563 N.E.2d at 955.

We find these cases to be distinguishable. The bonds in those cases were filed in a timely manner; however, because the attorneys, not an official of the employers, signed the bonds, there was no evidence that the employers were actually bound. It was only after the expiration of the filing period that the authority of the attorneys to bind the employ-

ers was demonstrated. Here, evidence that the employer was covered by a bond was filed in a timely fashion. The copy of the bond clearly showed the amount of the bond, the principals and the surety. The obligations of the principals and the surety were clearly stated. There is no question but that Wal-Mart had obtained a sufficient bond.

We find *Lee v. Industrial Comm'n*, 82 Ill. 2d 496, 499, 413 N.E.2d 425, 427 (1980), to be more applicable to the case before us. In *Lee*, a timely filed bond was signed by one partner of the employer as principal and another partner as surety. The claimant moved to dismiss on the ground that the partners were improperly acting as both the principal and the surety. The trial court granted the claimant's motion. The employer subsequently tendered a bond with both partners as principals and a third party as surety. The trial court refused to accept the second bond because it was untimely. Our supreme court, while finding that the first bond was irregular, remanded the cause to the trial court with instructions to determine the sufficiency of the second bond; if the bond were found to be sufficient, the trial court was to address the merits of the cause. *Lee*, 82 Ill. 2d at 501, 413 N.E.2d at 427. The supreme court quoted with approval *Republic Steel Corp. v. Industrial Comm'n*, 30 Ill. 2d 311, 313, 196 N.E.2d 654, 655 (1964), for the proposition that " '[t]he tendency is to simplify procedure, to honor substance over form and to prevent technicalities from depriving a party of the right to be heard.' " *Lee*, 82 Ill. 2d at 500, 412 N.E.2d at 427, quoting *Republic Steel*, 30 Ill. 2d at 313, 196 N.E.2d at 655. The *Lee* court also quoted *Smith v. Estate of Womack*, 12 Ill. 2d 315, 317, 145 N.E.2d 923, 924 (1957), stating:

> " 'In construing and applying statutes relating to jurisdiction there must be substantial compliance with the provisions of the statute conferring jurisdiction on the court, but the construction is not to be so narrow or technical as to defeat the intention of the act or the beneficial results thereof, where all material provisions of the statute have been complied with.' " *Lee*, 82 Ill. 2d at 500, 413 N.E.2d at 427.

■ Pursuant to *Lee* and the cases cited within, we conclude that even if filing a copy of the bond was "irregular," Wal-Mart substantially complied with section 19(f)(2) under the foregoing circumstances, to wit: it filed the copy of the bond with the timely request for summons and promptly cured the irregularity by filing the original bond shortly thereafter. The benefit of requiring the bond was achieved because a sufficient bond was, in fact, procured and the copy of the bond showed that coverage had been obtained. To hold otherwise would exalt form over substance and defeat the intention of the Act even when that intention had been fulfilled. Therefore, the circuit court did not err in denying Parry's motion to dismiss.

In its appeal, Wal-Mart contends that the Commission erred as a matter of law in finding that Parry sustained a compensable injury. The evidence showed that the Wal-Mart parking lot was covered with ice as the result of an ice storm on November 10 or 11, 1995. There was only one parking lot at Wal-Mart, used by both employees and patrons. Employees were requested, but not required, to park on the south side of the lot so that customers would have better access to the front door. However, the south side of the lot was not restricted from patron use.

Parry testified that, as she walked to her car at about 8:30 p.m. on Saturday, November 11, her feet came out from underneath her. She twisted around to catch herself but her back hit the ground. She then testified that her back did not actually hit the ground but that she felt something pull as she was falling. She drove to her home approximately one block away and called Wal-Mart, speaking to Sharon. She did not return to work that night or the next day. She sought medical attention on Monday.

On cross-examination, Parry admitted that she had not driven herself to work on November 11. Instead, her roommate, Amber Samples, had borrowed her car and was waiting to pick up Parry when Parry fell in the parking lot. According to Parry, Samples, who was not a Wal-Mart employee, was waiting with the car in the section of the lot in which the employees were encouraged to park.

Sharon Lynn Nielsen testified that she was a support manager for Wal-Mart in November 1995 and received the call from Parry on the night of November 11. Parry told her that she had gone home for lunch and had fallen in the parking lot of her apartment building. Nielsen could not remember what time the call came in, but estimated that it was between 6:30 and 7:30 p.m. She made no written report of the incident that day.

Wilda Mae Land testified that she was an assistant manager at Wal-Mart and received a call from Parry on November 12, 1995. Parry told her that she would not be coming in to work because she had slipped and fallen. When Land asked where she had fallen, Parry said that she had fallen at home. Land could not remember what time the call came in, who else was present, or how long the call lasted. She made no written record of the conversation.

■ The burden lies with the claimant to establish the elements of her right to compensation. *Nabisco Brands, Inc. v. Industrial Comm'n*, 266 Ill. App. 3d 1103, 1106, 641 N.E.2d 578, 581 (1994). For accidental injuries to be compensable, a claimant must show that the injuries arose out of and in the course of employment. *Nabisco*, 266 Ill. App. 3d at 1106, 641 N.E.2d at 581. To arise out of one's employment, an

injury must (1) have an origin in some risk connected with or incidental to the employment; or (2) be caused by some risk to which the employee is exposed to a greater degree than the general public by virtue of his employment. *Dodson v. Industrial Comm'n*, 308 Ill. App. 3d 572, 575-76, 720 N.E.2d 275, 278 (1999). Typically, an injury arises out of employment if, at the time of the occurrence, the employee was performing an act that he or she was instructed by the employer to perform, an act that he or she had a common-law or statutory duty to perform, or an act that the employee might reasonably be expected to perform incident to assigned duties. *Nabisco*, 266 Ill. App. 3d at 1106, 641 N.E.2d at 581. "In the course of" refers to the place, time, and circumstances under which the accident occurred. *Illinois Consolidated Telephone Co. v. Industrial Comm'n*, 314 Ill. App. 3d 347, 349, 732 N.E.2d 49, 51 (2000). An injury that results from a hazard to which an employee would have been equally exposed apart from the employment or a risk purely personal to the employee is not compensable. *Nabisco*, 266 Ill. App. 3d at 1106, 641 N.E.2d at 581.

■ Wal-Mart argues that the Commission's decision was incorrect as a matter of law. Wal-Mart fails to tell us why this case should be decided as a matter of law instead of as a matter of fact. The facts in this case were not undisputed, as Wal-Mart presented testimony that Parry told two Wal-Mart employees that she fell in the parking lot of her apartment building, not in the Wal-Mart lot. The issue of whether there is a causal relationship between a claimant's employment and his injury is a question of *fact* to be determined by the Commission. *Freeman United Coal Mining Co. v. Industrial Comm'n*, 317 Ill. App. 3d 497, 504, 739 N.E.2d 1009, 1015 (2000). We will only overturn such a decision if it is against the manifest weight of the evidence. *Sosniak v. Industrial Comm'n*, 37 Ill. 2d 81, 84, 224 N.E.2d 809, 810 (1967).

■ Our review of the evidence leads us to conclude that the Commission's decision is against the manifest weight of the evidence. The purpose of the Act is to protect employees against hazards and risks that are peculiar to the nature of the work they do. *Illinois Bell Telephone Co. v. Industrial Comm'n*, 131 Ill. 2d 478, 483, 546 N.E.2d 603, 605 (1989). The mere fact that duties take the employee to the place of injury and that, but for the employment, the employee would not have been there is not sufficient to give rise to the right to compensation. *Caterpillar Tractor Co. v. Industrial Comm'n*, 129 Ill. 2d 52, 63, 541 N.E.2d 605, 669 (1989). The evidence is clear that the entire Wal-Mart parking lot was available for use by both patrons and employees alike. Parry did not park her own car in the lot that night. Although Samples was waiting for Parry in the section of the lot in which employees were asked to park, Samples was not an employee,

and there was no evidence that anyone, including Parry, asked her to park there. Parry's fall resulted from a hazard to which she and the general public were equally exposed; thus, her injury did not arise out of her employment.

Parry cites *Hiram Walker & Sons, Inc. v. Industrial Comm'n*, 41 Ill. 2d 429, 430-31, 244 N.E.2d 179, 180-81 (1968), and *American Electric Cordsets v. Industrial Comm'n*, 198 Ill. App. 3d 87, 91, 555 N.E.2d 823, 825 (1990), for the proposition that the Act "covers parking lot accidents caused in part by ice or other slippery substances on the lot." However, both of these cases are distinguishable. There was no evidence in *Hiram Walker* that the parking lot in question was available for regular use by the general public, and the court in *American Electric Cordsets* specifically found a lack of evidence to support the employer's argument that the lot was regularly used by the general public. See *American Electric Cordsets*, 198 Ill. App. 3d at 91, 555 N.E.2d at 825. Thus, the employees and the general public in those cases were not exposed to the same hazards. Here, both employees and patrons had equal access to the entire lot.

More analogous to the situation before us is *Caterpillar Tractor Co.*, 129 Ill. 2d at 63, 541 N.E.2d at 669. In *Caterpillar*, the claimant left his place of employment through the door normally used by employees and walked toward the employee parking lot. Immediately in front of the place of employment was a sidewalk with a curb running along its edge. The claimant walked along the sidewalk for approximately 30 feet before he stepped off the curb onto a driveway and twisted his ankle. The driveway was part of the company premises and was used by employees and the general public to pick up employees. Our supreme court found that the claimant did not establish that he was exposed to a risk not common to the general public. "Curbs, and all the risks inherent in traversing them, confront all members of the public." *Caterpillar Tractor Co.*, 129 Ill. 2d at 62, 541 N.E.2d at 669. The court noted that the object of comparing the exposures to risk of an employee and the general public "is to isolate and identify the distinctive characteristics of the employment." *Caterpillar Tractor Co.*, 129 Ill. 2d at 62, 541 N.E.2d at 669. Here, there are no such distinctive characteristics. Both Parry and every member of the general public were free to park anywhere in the lot. Parry's employment at Wal-Mart did not place her in any special position *vis-a-vis* the general public in that lot.

We conclude that Parry's injuries did not did not arise out of her employment. Therefore, the Commission's decision was against the manifest weight of the evidence.

For these reasons, the judgment of the circuit court of Macon

County is affirmed as to the denial of Parry's motion to dismiss and reversed as to the decision of the Commission.

HOFFMAN, J., concurs.

PRESIDING JUSTICE McCULLOUGH, specially concurring:
I concur in the decision finding the circuit court did properly have jurisdiction of the review proceeding. I also concur in the determination that the facts of this case do not support the award of benefits.

I write separately as to the jurisdiction issue. The bond as filed fully complied with section 19(f)(2). Although a copy, it was timely, properly executed, and Wal-Mart was responsible pursuant to the terms of the bond. A Wal-Mart defense against recovery on the bond as filed, that it was not the original bond, would be without merit.

As the majority makes clear, those cases involving bonds signed by attorneys are clearly distinguishable. Here, the record clearly shows there was a sufficient bond, the copy filed shows coverage had been obtained, and there is no dispute that the bond was in proper form.

JUSTICE RARICK, specially concurring in part and dissenting in part:
I concur in that portion of the majority's decision finding proper jurisdiction of the review proceeding. I dissent, however, with respect to the issue of compensability. I do not believe the Commission's decision was against the manifest weight of the evidence. First, the determination of credibility is a matter for the Commission. *Wagner Castings Co. v. Industrial Comm'n*, 241 Ill. App. 3d 584, 594, 609 N.E.2d 397, 405 (1993). The Commission found claimant's version and reports of the incident to be credible. We are not to reverse that determination merely because other inferences are also reasonable. *Orisini v. Industrial Comm'n*, 117 Ill. 2d 38, 44, 509 N.E.2d 1005, 1008 (1987); *Wagner Castings*, 241 Ill. App. 3d at 594, 609 N.E.2d at 405.

Second, accidental injuries sustained in a parking lot either owned or controlled by an employer within a reasonable time before or after work are generally deemed to arise out of and in the course of employment, especially when the claimant's injury was sustained as a result of the condition of employer's premises. *Archer Daniels Midland Co. v. Industrial Comm'n*, 91 Ill. 2d 210, 215-16, 437 N.E.2d 609, 610-11 (1982); *Hammel v. Industrial Comm'n*, 253 Ill. App. 3d 900, 902, 626 N.E.2d 234, 236 (1993). Claimant's car was parked in the area where employees were requested to park. This area was farther away from the store, thereby subjecting her to an increased risk of injury in traversing the icy lot. I agree with the Commission that claimant suf-

ficiently established a causal connection between her employment and her injuries. I would therefore affirm the decision of the circuit court confirming the decision of the Commission.

JUSTICE HOLDRIDGE joins in this dissent.